■ State Division of Human Rights on Complaint of Fannie J. Williams, Respondent, v Burroughs Corporation, Petitioner.—Petition unanimously granted, determination of appeal board annulled, without costs, and complaint dismissed. Memorandum: In August, 1974 following complainant's six-month absence from work due to pregnancy, petitioner denied complainant disability benefits for the period of her absence. On May 4, 1977 complainant filed a complaint with the State Division of Human Rights alleging that petitioner's refusal to pay for her 1973 pregnancy-related disability constituted unlawful sex discrimination in violation of the Human Rights Law (Executive Law, art 15). The Commissioner of the State Division of Human Rights found that unlawful sex discrimination did exist and directed petitioner to cease treating pregnancy-related disabilities differently from other disabilities, to compensate complainant for her 1973 pregnancy-related disability, and to compensate any other employees who had pregnancy-connected disabilities at any time since one year prior to the filing of complainant's complaint. The commissioner's determination was affirmed by the State Human Rights Appeal Board. A complaint made upon a violation of the Human Rights Law must be filed within one year of the alleged unlawful discriminatory practice (Executive Law, § 297, subd 5). Where, however, an unlawful discriminatory practice is of a continuing nature, the date of its occurrence is deemed to be any date subsequent to its inception up to the date of its cessation (9 NYCRR 465.3 [e]). Here, though petitioner had a general practice of denying disability benefits for pregnancy-related disabilities through the time the complaint was filed, that discriminatory practice did not have a continuing impact on complainant. Complainant alleged a single act of discrimination: petitioner's denial of her application for disability benefits in August, 1974. Since complainant was not the victim of discrimination of a continuing nature, the one-year limitations period began to run in August, 1974 when complainant's application for disability benefits was denied (see *Matter of Queensborough Community Coll. of City Univ. of N. Y. v State Human Rights Appeal Bd.,* 41 NY2d 926; *State Div. of Human Rights v University of Rochester,* 53 AD2d 1020). The complaint filed in 1977 is, therefore, time barred. (Proceeding pursuant to Executive Law, § 298.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Moule, JJ.