■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of MARY L. McCLARY, Petitioner, v MARINE MIDLAND BANK, Respondent. — Petition unanimously granted, without costs, determination of Appeal Board annulled, on the law, and proceeding remitted to the board for determination on the merits. Memorandum: In this proceeding pursuant to section 298 of the Executive Law, petitioner contends that the State Human Rights Appeal Board erred in dismissing her complaint on the ground that it was not filed within one year of the discriminatory practice (see Executive Law, § 297, subd 5). Her complaint charges Marine Midland Bank, her employer, with the unlawful discriminatory denial of pregnancy-related disability benefits. The board annulled a determination of the State Division of Human Rights that the maintenance of a policy by Marine Midland to disallow pregnancy-related disability claims constituted a discriminatory practice of a "continuing nature" and that petitioner's complaint was timely because it. was filed with the State division within one year of the cessation of the policy (see 9 NYCRR 465.3 [e]). According to the facts stipulated to by the parties, Marine Midland had a general practice of denying pregnancy-related disability claims until August 3, 1977. Petitioner filed a claim for benefits with Marine Midland on November 18, 1977 for a pregnancy disability which had ceased on February 16, 1976. She filed her complaint with the State division on December 19, 1977. We hold that the board erred in sustaining Marine Midland's contention that had petitioner filed her claim prior to February 15, 1977 Marine Midland would have paid her the pregnancy-related benefits after its policy changed on August 3, 1977, and in dismissing petitioner's complaint because it was not filed before February 15, 1977. Although subdivision 5 of section 297 of the Executive Law provides that a complaint made upon a violation of the Human Rights Law must be filed within one year of the alleged discriminatory practice, where the discriminatory practice is of a "continuing nature" the date

of its occurrence is deemed to be any date subsequent to its inception up to the date of its cessation (9 NYCRR 465.3 [e]). In assessing whether a discriminatory practice is of a "continuing nature" so as to extend the time to file a complaint with the State division, the determinative factor is whether the discriminatory practice had a continuing impact on the complainant (see *State Div. of Human Rights v Burroughs Corp.,* 73 AD2d 801, affd 52 NY2d 748). In *Burroughs* we held that a general company policy to deny pregnancy-related disability claims does not have a continuing impact on a complainant who had a claim for benefits denied by the company despite the fact that the discriminatory policy was continuing when the complainant filed her complaint with the State division. In this case, unlike *Burroughs,* petitioner's claim for benefits was filed after the discriminatory policy was terminated. Marine Midland's ongoing policy to deny pregnancy-related disability claims had a continuing impact on petitioner until the policy ceased on August 3, 1977, and petitioner had one year from that date to file a complaint with the State division (see 9 NYCRR 465.3 [e]). It is the cessation of the impact of the discriminatory practice and not the cessation of the disability which triggers the one-year period of limitation. (Proceeding pursuant to Executive Law, § 298.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.