■ BLUE CROSS AND BLUE SHIELD OF GREATER NEW YORK, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Petition to vacate order of the State Division of Human Rights, dated June 17, 1980, unanimously granted, without costs or disbursements, the order vacated and the complaint alleging discrimination against petitioner Blue Cross and Blue Shield (BC-BS) for failure to provide benefits to an employee for pregnancy related disability dismissed; cross petition by the State division to enforce an order of the State Human Rights Appeal Board, dated October 23, 1981, affirming the State division's order of June 17, 1980, unanimously dismissed as academic, without costs or disbursements. The State Division of Human Rights sustained a complaint of discrimination against BC-BS based on its failure to pay disability benefits to an employee, Nurten Seldjouk, for the four-month period from February 4, 1976 to June 4, 1976 that she was compelled to take off from work due to pregnancy, and directed BC-BS to pay Seldjouk $1,200 with interest at 6% from April 4, 1976 and to restore her to all rights and benefits of employment. The State appeal board was divided evenly on the issue of the timeliness of the filing of the complaint, thus leaving the State division's order in effect. Seldjouk's application for disability benefits, although not filed until April 29, 1977, was timely since BC-BS considered pregnancy related disability benefits claims to be timely, if filed within one year of the disability involved. BC-BS failed to respond to the application for disability benefits and ignored Seldjouk's written request for a decision on her application. By its silence, BC-BS, in effect, denied the disability claim. Thus, Seldjouk's complaint of unlawful discrimination, filed with the State Division on September 8, 1977, was timely since the division's one-year Statute of Limitations (Executive Law, § 297, subd 5) runs, not from the date of the employee's recuperation, but, rather, from the date of the discriminatory action, i.e., the denial of the application for disability benefits. (See *State Div. of Human Rights v Burroughs Corp.,* 73 AD2d 801, 802, affd 52 NY2d 748.) The State division's order must be vacated and the complaint dismissed, however, since the United States Court of Appeals for the Second Circuit has held that subdivision (a) of section 514 of the Employee Retirement Income Security Act of 1974 (ERISA) (88 US Stat 829, 897, US Code, tit 29, § 1144, subd [a]) preempts this State's Human Rights Law (Executive Law, § 296), insofar as it

requires employers who maintain disability benefit plans for their employees to provide benefits for disability due to pregnancy. (*Delta Air Lines v Kramarsky,* 666 F2d 21.) Consequently, the complaint falls outside the purview of New York's Human Rights Law. Concur — Sullivan, J. P., Ross, Silverman, Bloom and Fein, JJ.