■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO RAMOS, Appellant. — Judgment, Supreme Court, Bronx County (Burton Hecht, J.), rendered on February 4, 1981, unanimously affirmed. ¶ Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Kupferman, J. P., Sandler, Fein, Milonas and Kassal, JJ.

■ BLUE CROSS AND BLUE SHIELD OF GREATER NEW YORK, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Upon remittitur from the Court of Appeals (60 NY2d 570), the order of this court, entered August 26, 1982 is unanimously vacated, on the law, without costs or disbursements, the petition held in abeyance, and the matter remanded to the State Division of Human Rights for a hearing in accordance herewith. ¶ When this matter was originally before us (89 AD2d 838) we vacated the State Division's order and dismissed the complaint on the ground that subdivision (a) of section 514 of the Employee Retirement Income Security Act of 1974 ([ERISA] 88 US Stat 829, 897, US Code, tit 29, § 1144, subd [a]) pre-empts this State's Human Rights Law (Executive Law, § 296) insofar as it requires employers who maintain disability benefit plans for their employees to provide benefits for disability due to pregnancy. The Court of Appeals remitted the matter to us for reconsideration in light of the Supreme Court's decision in *Shaw v Delta Airlines* (462 US __, __, 77 L ed 2d 490, 508), holding that "New York's Human Rights Law is preempted with respect to ERISA benefit plans only insofar as it prohibits practices that are lawful under federal law." Thus, under this partial exemption it is only when a practice is prohibited under State law but permitted by Federal law that the State law is pre-empted by the Federal law. Since the Federal prohibition in title VII against discrimination based on pregnancy did not become effective until April 29, 1979 (US Code, tit 42, § 2000e, subd [k]), the discrimination charged here, which is alleged to have taken place at the latest in 1977, was not prohibited by existing Federal law. Thus, the partial pre-emption would apply were it not for the fact that section 4 (subd [b], par [3]) of ERISA exempts "any employee benefit plan * * * maintained solely for the purpose of complying with applicable * * * disability insurance laws". (*Shaw v Delta Air Lines,* 462 US, at p __, 77 L ed 2d, at p 507.) But since section 4 (subd [b], par [3]) excludes a "plan", not a portion of a plan, from ERISA coverage, "[o]nly separately administered disability plans maintained solely to comply with the Disability Benefits Law are exempt". (*Supra,* pp __, 507-508.) The record at the Division is silent as to whether petitioner's disability plan is a separate plan, in which event, in the circumstances presented, New York's Human Rights Law would apply, or part of any employee benefit plan, in which case ERISA would control. All that is disclosed by the record at the Division is that the plan was intended to comply with New York State's Disability Benefits Act (Workers' Compensation Law, art 9) and was written through the Metropolitan Life Insurance Company. We remand for a determination of this limited factual issue only. Concur — Sullivan, J. P., Ross, Silverman, Bloom and Fein, JJ.