OPINION OF THE COURT
Edward J. Greenfield, J.
Petitioner Western Union International (WUI) seeks review of an order of the respondent, the New York'City Commission of Human Rights (Commission), pursuant to Administrative Code of the City of New York (Code) § Bl-9.0. Respondent cross-petitions to enforce the order.
Earl Lucas, the complainant in the administrative action here on view, was an employee of the petitioner WUI. Mr. Lucas alleged in his complaint that he was denied a promotion by WUI on the basis of his race and color. Subsequently, the complaint was amended to include a claim that Mr. Lucas was refused a promotion in retaliation for opposing allegedly discriminatory practices of WUI and/or filing a prior complaint against WUI with the respondent Human Rights Commission.
The Commission heard the testimony of 15 witnesses, admitted several hundred pages of exhibits in evidence and a 1,175-page transcript of the hearing was submitted for review.
*218 The Commission found that Mr. Lucas did not prove that he . was denied promotion on the basis of his race and color. However, the Commission found that Mr. Lucas was denied a promotion for retaliatory motives and awarded him a promotion, back pay with interest and $6,000 in compensatory damages for mental anguish.
Petitioner alleges that the Commission erred in permitting the complainant to amend his complaint after the applicable Statute of Limitations had run. Code § Bl-8.0 (3) provides that a complaint must be filed within one year of the alleged act of discrimination. Lucas filed a complaint on October 3, 1977. The Commission permitted two amendments in 1980 and 1981. Code § B 1-9.0 provides that “[n]o objection that has not been urged before the commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.” Petitioner did not object to the amendments, nor does it allege extraordinary circumstances to excuse its failure to object. By analogy to the CPLR, petitioner has waived its defense of the Statute of Limitations by its failure to assert it (CPLR 3211 [e]; cf. Matter of Holland v Edwards, 307 NY 38,45-46). Petitioner’s objection on grounds of Statute of Limitations may not now be urged in review.
Petitioner next argues that the Commission erred in making certain findings of fact as unsupported by the substantial evidence on the record and that certain conclusions reached by the Commission are inconsistent, arbitrary and capricious.
Petitioner’s principal contention is that the Commission erred in finding that the supervisory rating system was a valid nondiscriminatory reason for refusing to promote Lucas on the basis of race and color while also finding the rating system to be manipulated by WUI as a pretext for not promoting Lucas.
The Commission found that Mr. Lucas was as qualified as the eight successful job applicants, but not more qualified than the successful applicants and that WUI selected qualified applicants for promotion without regard to the race of the applicants and that Lucas was “unable to sufficiently discredit the accuracy of the supervisors’ ratings of any of the successful candidates for promotion”.
On the charge of retaliation, however, the Commission found that the rating system “could be, and, in fact, was manipulated by” WUI. The manipulation referred to is not of the rating system itself, but of the score given to Mr. Lucas by supervisors using the rating system. The Commission found that the rating evaluation form for Mr. Lucas was manipulated by WUI by the *219 rating supervisors’ failure to “provide any specific substantiation of the rating given to Mr. Lucas” and selection of specific supervisors to rate Mr. Lucas “who could be coerced into participating in an unfair evaluation of the complainant”. The Commission concluded that Lucas was “denied basic consideration for the position he sought on grounds substantially influenced by the motive of retaliation”.
In a discrimination case, the complainant has the burden of establishing a “prima facie case”. The facts that need be shown to establish a prima facie case vary, depending on whether, as in this case, the alleged discrimination was based on race or on retaliation for activities protected by the New York City Human Rights Law (such as filing a prior complaint) (see, McDonnell Douglas Corp. v Green, 411 US 792, 802, n 13; Maloff v City Commn. on Human Rights, 46 NY2d 908, 910).
Once the complainant has established a prima facie case, the burden shifts to the employer to rebut the presumption of discrimination by producing evidence that the complainant was rejected or someone else was preferred for a legitimate, nondiscriminatory reason (Texas Dept, of Community Affairs v Burdine, 450 US 248,254). In this case, WUI produced evidence that the selection of candidates for promotion was based upon the supervisory rating system. The complainant then has the burden of demonstrating that the proffered reason for refusing to promote him was not the true reason for the employment decision, but a mere “pretext.” (Texas Dept, of Community Affairs v Burdine, supra, p 256.)
In this case, the Commission found that the “pretext” for not promoting Mr. Lucas was based not upon race or color, but as retaliation for Mr. Lucas’ prior activities.
While the Commission could have more precisely articulated its reasoning, and indeed had ample opportunity to do so in its lengthy 48-page opinion, the inconsistency urged by the petitioner is only apparent.
Petitioner further urges that the Commission’s order promoting Mr. Lucas and awarding him back pay is precluded by the Commission’s determination that WUI selected qualified candidates for promotion.
The Commission found that Mr. Lucas had the same general qualifications as the successful job applicants, but was not more qualified than the successful applicants and that WUI selected qualified applicants for promotion. The Commission’s conclusion that Mr. Lucas “was denied basic consideration for the position sought on grounds substantially influenced by the motive of *220 retaliation” is not the equivalent of a finding that, but for retaliation, Mr. Lucas would have been promoted.
Petitioner urges that the “but for” standard is applicable, i.e., that promotion and back pay are available only when the employee establishes he would have received the promotion “but for” the discrimination (Day v Mathews, 530 F2d 1083). Respondent contends that the award was proper as an application of the shifting burden of proof in discrimination cases, i.e., once a plaintiff establishes that he has been discriminated against (the prima facie case), the “defendant bears the burden of showing that the plaintiff would not have been promoted even in the absence of discrimination” (Patterson v Greenwood School Dist., 696 F2d 293, 295).
We are not presented with a factual pattern where the discriminated employee was more qualified than the successful candidates. Whether an employee must be more qualified than other candidates in order to establish a prima facie case of discrimination has not yet been decided by the Supreme Court (see, U. S. Postal Serv. Bd. of Governors v Aikens, 453 US 902). Rather, Mr. Lucas had the same general qualifications as the other successful candidates and all the successful candidates were qualified for promotion.
Employers have “discretion to choose among equally qualified candidates” (Texas Dept, of Community Affairs v Burdine, supra, p 259). If the employer had a valid nondiscriminatory reason for selecting the successful candidates, but at the same time a candidate is not considered for promotion due to discriminatory motives, it appears that a balance has been struck. Basic considerations of justice and of the allocation of the burden of proof dictate that, on these facts, the employee seeking a promotion be required to establish that he would have been promoted but for the discriminatory motive. The procedural rule shifting the “intermediate burden” of proof in a discrimination case cannot be used in this action to award a promotion to Mr. Lucas.
Without the procedural rule, the Commission’s award is unsupportable. The conclusion that Mr. Lucas would be one of the 8 successful candidates out of a field of 17, but for the fact that he was not considered, is illogical and not a “permissible inference” (Matter of Pace Coll, v Commission on Human Rights, 38 NY2d 28, 40).
The New York City Human Rights Law permits affirmative action including promotion. But, as with comparable statutes (State Human Rights Law [Executive Law § 296]; and Civil Rights Act of 1964, tit VII [42 USC § 2000e et seq.]), the relief *221 awarded is compensatory and intended to make the wronged party whole and in the position he would have occupied but for the discrimination (Cullen v Nassau County Civ. Serv. Commn., 53 NY2d 492; Patterson v Greenwood School Dist., supra, p 293).
Since the award granted Mr. Lucas was more than he was entitled to, the award was not merely compensatory, but punitive and therefore impermissible (Cullen v Nassau Civ. Serv. Commn., 53 NY2d 492, supra; Batavia Lodge No. 196 v New York State Div. of Human Rights, 35 NY2d 143).
Petitioner further objects to the award of $6,000 for humiliation, outrage and mental anguish. If there is no rational basis for the Commission’s determination that Mr. Lucas would have been promoted absent discrimination, Mr. Lucas’ “embarrassment and humiliation as a result of his inability to obtain a promotion” does not entitle him to damages for not being promoted.
The narrow issue determined is not whether the Commission can award damages for discriminatory retaliation, but whether it can direct a promotion on the facts presented. We hold that it may not and that portion of the award granting a promotion and back pay with interest to Mr. Lucas is vacated as arbitrary and capricious. The amount of damages for mental anguish and discriminatory retaliation cannot be determined on the record and the matter is remanded to the Commission for further determination (Blue Cross & Blue Shield v State Div. of Human Rights, 100 AD2d 778).
Except as to those issues raised as to the award, this court finds petitioner’s other objections without merit and that there is “sufficient evidence in the record to support the [commission’s] finding” (Matter of Pace Coll. v Commission on Human Rights, 38 NY2d 28, 35).
This constitutes the order and judgment of this court.