■ RITA K. SYRACUSE, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the respondent State Human Rights Appeal Board dated December 30, 1983, which affirmed a determination of the State Division of Human Rights which dismissed petitioner's complaint of two unlawful discriminatory practices.

Order confirmed and proceeding dismissed, without costs or disbursements.

Petitioner was employed by United Airlines, Inc. (United) in 1976 as a flight attendant. In April, 1978, she informed United that she was pregnant. In accordance with company policy, then in effect, petitioner was required to take an unpaid leave of absence due to pregnancy. The then-effective collective bargaining agreement also provided that she must be available to return to work within 90 days following the date of delivery. However, if additional time off was required due to the health of either the flight attendant or the child, return to active status could be delayed for up to but not exceeding an additional 90 days.

Petitioner's child was born on December 18, 1978 and she remained on a 90-day leave. She requested and was granted a second 90-day leave which was due to expire on June 18, 1979. Her request for an additional extension was denied. At that time she resigned.

On March 24, 1980, petitioner filed a complaint with respondent New York State Division of Human Rights (Division) containing a two-pronged attack on United's activities. First, she challenged United's regulation that required her to take an unpaid maternity leave because of pregnancy; second, she contended that she was unlawfully discriminated against when United failed to grant her an additional leave of absence.

On July 22, 1982, the Division determined that petitioner's first claim was time barred and that she was not discriminated against when she was "dismissed" for failing to return to work. This determination was affirmed by an order of the State Human Rights Appeal Board. The order should be confirmed.

Subdivision 5 of section 297 of the Executive Law provides that a discrimination claim must be filed within one year of the alleged unlawful discriminatory practice. However, the time to file is extended if the alleged violation is of a continuing nature (see 9 NYCRR 465.3 [e]; *State Div. of Human Rights [Williams] v Burroughs Corp.,* 73 AD2d 801, affd 52 NY2d 748). We conclude that assuming United committed a discriminatory practice in forcing petitioner to take a maternity leave, this was a continuing violation, as it was a leave without pay and thus had a continuing impact upon her (see *State Div. of Human Rights [Williams] v Burroughs Corp., supra; State Div. of Human Rights v Marine Midland Bank,* 87 AD2d 982). The violation ended upon the birth of the child in December, 1978, when petitioner was free to return to work. Therefore, the Division properly determined that petitioner's claim, filed March 24, 1980, was time barred with regard to the forced unpaid maternity leave claim.

With regard to the second prong of petitioner's complaint, the order should also be confirmed as it is supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). O'Connor, J. P., Weinstein, Lawrence and Eiber, JJ., concur.