■ JAIME MARTINEZ-TOLENTINO, Appellant, v BUFFALO STATE COLLEGE, Respondent. [715 NYS2d 554] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Since 1990, plaintiff has been an assistant professor at defendant college. Plaintiff is disabled from a post-polio condition. In 1993, plaintiff's application for a promotion was denied. In 1998, plaintiff commenced this action against defendant alleging violations of the Americans with Disabilities Act ([ADA] 42 USC § 12101 *et seq.*) and the Human Rights Law (Executive Law art 15). Supreme Court properly granted that part of defendant's motion seeking dismissal of the complaint as time-barred insofar as it alleges discrimination based on the denial of plaintiff's application for a promotion. The court erred, however, in granting that part of defendant's motion seeking dismissal of the complaint insofar as it alleges failure to provide reasonable accommodations under the Human Rights Law as of January 1, 1998 as part of an ongoing policy of discrimination.

The ADA has a 300-day Statute of Limitations (*see,* 42 USC § 2000e-5 [e] [1]), and the Human Rights Law has a three-year Statute of Limitations (*see,* CPLR 214 [2]). Because the Statute of Limitations for the Human Rights Law is tolled during the pendency of a complaint filed with the New York State Division of Human Rights (*see, Penman v Pan Am. World Airways,* 69 NY2d 989), the limitations' period was tolled beginning May 28, 1998, the date on which plaintiff filed his complaint with the Equal Employment Opportunity Commission (EEOC) (*see,* CPLR 204 [a]; *Sunshine v Long Is. Univ.,* 862 F Supp 26, 30 [charge filed with EEOC is deemed filed with State Division of Human Rights]).

Even with the tolled period, plaintiff's action insofar as it alleges discrimination based on the denial of plaintiff's application for a promotion is time-barred, because the alleged violations of the ADA occurred prior to August 2, 1997 and the alleged violations of the Human Rights Law occurred prior to May 28, 1995. Plaintiff contends that the denial of his promotion was a continuous act of discrimination. However, the denial of plaintiff's promotion in 1993 was a single act and thus does not fall within the continuing violation exception to the title VII limitations' period for EEOC claims as part of an ongoing policy of discrimination (*see, Carrasco v New York City Off-Track Betting Corp.,* 858 F Supp 28, 31-32, *affd* 50 F3d 3; *see generally, Matter of Russell Sage Coll. v State Div. of Human Rights,* 45 AD2d 153, *affd* 36 NY2d 985).

Plaintiff also contends that defendant failed to provide reasonable accommodations. Because plaintiff did not include in his EEOC complaint his present ADA claims based on that alleged failure, the court properly dismissed them based on its lack of jurisdiction to determine them (*see, Butts v City of New York Dept. of Hous. Preservation & Dev.*, 990 F2d 1397). The Legislature did not amend Executive Law § 292 (21) to impose a duty on employers to provide reasonable accommodations until January 1, 1998 (*see*, L 1997, ch 269, §§ 1, 5). Thus, as conceded by defendant, the order and judgment must be modified by denying defendant's motion in part and reinstating the complaint insofar as it alleges that, as of January 1, 1998, defendant failed to provide reasonable accommodations under the Human Rights Law as part of an ongoing policy of discrimination. (Appeal from Order and Judgment of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Balio and Lawton, JJ.