■ KERRY HOFFMAN, Appellant, v J. P. MORGAN SECURITIES, INC., et al., Respondents. [732 NYS2d 157] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered September 11, 2000, which, in an action for sex discrimination alleging a policy not to promote women, granted defendants' motion to dismiss the action as time-barred, unanimously affirmed, without costs.

Assuming the conversations alleged in the complaint constitute acts of discrimination, they all occurred more than three years prior to the filing of the complaint, and therefore cannot be the predicates of a discrimination claim (see, Alimo v Off-Track Betting Corp., 258 AD2d 306, 306-307). Additional

conversations alleged in plaintiff's opposition to the motion, although they occurred within three years of the filing of the complaint, simply do not, given every favorable intendment, indicate that defendant had a continuing policy not to promote women such as might extend the limitations period up to the time of any such policy's cessation (*see*, 9 NYCRR 465.3 [e]; *Matter of Davison v White*, 140 AD2d 699). Moreover, assuming such a policy is sufficiently demonstrated by defendant's diversity committee survey reports, which involve time frames outside the limitations period and are not limited to gender, the policy had no impact on plaintiff, who does not allege that she ever actually applied for and was denied a promotion (*cf.*, *State Div. of Human Rights v Burroughs Corp.*, 73 AD2d 801, *affd* 52 NY2d 748; *State Div. of Human Rights v Marine Midland Bank*, 87 AD2d 982). Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Rubin, JJ.