LAURA HENDERSON, Appellant, v TOWN OF VAN BUREN, Respondent, et al., Defendant. [789 NYS2d 355]—

Appeal from an order of the Supreme Court, Onondaga County (William R. Roy, J.), entered November 24, 2003. The

order, insofar as appealed from, granted the motion of defendant Town of Van Buren to dismiss the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff filed two complaints with the New York State Division of Human Rights (SDHR) alleging that defendant Town of Van Buren (Town), her former employer, and defendant Gary McGinnis, a town board member, unlawfully discriminated against her on the basis of sex (*see* Executive Law § 296 [1]). At the request of plaintiff, SDHR dismissed the complaints to enable plaintiff to commence an action in state court. Plaintiff commenced this action on April 3, 2003, alleging discriminatory conduct by defendants from October 1997 until January 2000. Supreme Court properly granted the motion of the Town to dismiss the complaint against it on the ground that the action is time-barred. The action was commenced over three years and two months following the last alleged discriminatory act, and thus the action is untimely under the three-year statute of limitations for the Human Rights Law (*see* CPLR 214 [2]; *Martinez-Tolentino v Buffalo State Coll.*, 277 AD2d 899 [2000]) or the one-year and 90-day statute of limitations for an action against the Town (*see* Town Law § 67 [2]). Contrary to the contention of plaintiff, the statute of limitations was not tolled during the pendency of her complaints filed with SDHR (*cf. Forrest v Jewish Guild for Blind*, 309 AD2d 546, 552 [2003], *affd* 3 NY3d 295 [2004]; *Martinez-Tolentino*, 277 AD2d at 899). Although the SDHR determinations state that the complaints were "dismissed on the grounds of administrative convenience," the dismissals did not serve agency convenience but rather the convenience of plaintiff (*see Acosta v Loews Corp.*, 276 AD2d 214, 220 [2000]; *see also Legg v Eastman Kodak Co.*, 248 AD2d 936, 938 [1998]). Plaintiff requested in effect that SDHR "dismiss the complaint[s] and annul . . . her election of remedies so that the human rights law claim[s] may be pursued in court" (Executive Law § 297 [9]). Under those circumstances, the statute of limitations was not tolled during the pendency of the complaints filed with SDHR (*see id.*), and the action was therefore untimely commenced. Present—Pigott, Jr., P.J., Green, Kehoe, Smith and Hayes, JJ.