# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**403**

**CA 15-01564**

PRESENT: CENTRA, J.P., CARNI, CURRAN, AND TROUTMAN, JJ.

---

NEW YORK STATE DIVISION OF HUMAN RIGHTS, ON
THE COMPLAINT OF HOUSING OPPORTUNITIES MADE
EQUAL, INC., PLAINTIFF-RESPONDENT,

                V                        MEMORANDUM AND ORDER

ANTHONY FOLINO AND CARMELINE FOLINO,
DEFENDANTS-APPELLANTS.

---

ANTHONY FOLINO, DEFENDANT-APPELLANT PRO SE.

CARMELINE FOLINO, DEFENDANT-APPELLANT PRO SE.

CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX (ERIN SOBKOWSKI OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered November 14, 2014. The order denied
the pre-answer motion of defendants to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the complaint is dismissed.

Memorandum: Plaintiff, New York State Division of Human Rights
(SDHR), on the complaint of Housing Opportunities Made Equal, Inc.
(HOME), commenced this action seeking damages for defendants' alleged
discriminatory housing practices (*see* Executive Law § 296 *et seq.*).
We agree with defendants that Supreme Court erred in denying their
pre-answer motion to dismiss the complaint as time-barred pursuant to
CPLR 214 (2). The last discriminatory act set forth in the complaint
occurred on November 8, 2010, and thus the cause of action accrued and
the three-year statute of limitations for the Human Rights Law began
to run on that date (*see Henderson v Town of Van Buren*, 15 AD3d 980,
981, *lv denied* 4 NY3d 710). However, on April 1, 2011, HOME filed an
administrative complaint with the United States Department of Housing
and Urban Development, which then forwarded the matter to SDHR
pursuant to a worksharing agreement (*see* 29 CFR 1626.10 [a]; *see also
Tewksbury v Ottaway Newspapers*, 192 F3d 322, 327). The statute of
limitations was tolled upon the filing of the administrative complaint
and during its pendency, until the administrative proceeding was
terminated (*see* Executive Law § 297 [9]; CPLR 204 [a]; *Penman v Pan
Am. World Airways*, 69 NY2d 989, 990-991; *Matter of Pan Am. World
Airways v New York State Human Rights Appeal Bd.*, 61 NY2d 542, 549).

On July 15, 2011, following a probable cause determination by SDHR, defendants submitted a notice of their election to terminate the administrative proceeding and instead "to have an action commenced in the civil court" by SDHR (Executive Law § 297 [9]).  That election lifted the administrative proceeding toll (*see Pan Am. World Airways*, 61 NY2d at 549).  Inasmuch as 143 days elapsed after the cause of action accrued and before the tolling period commenced, SDHR had two years and 222 days within which to commence the action after the tolling period ended, i.e., until February 22, 2014.  Because SDHR commenced this action on July 3, 2014, it is untimely (*see Henderson*, 15 AD3d at 981).

In light of our determination, we do not consider defendants' remaining contentions.

Entered:  June 17, 2016                          Frances E. Cafarell
                                                 Clerk of the Court