Carrington v New York State Off. for People With Dev. Disabilities (2019 NY Slip Op 01887)





Carrington v New York State Off. for People With Dev. Disabilities


2019 NY Slip Op 01887


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


11 CA 18-01380

[*1]TEALYE CARRINGTON, PLAINTIFF-APPELLANT,
v
NEW YORK STATE OFFICE FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES, DEFENDANT-RESPONDENT. 






LEGAL SERVICES OF CENTRAL NEW YORK, INC., SYRACUSE (JAMES M. WILLIAMS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (PATRICK A. WOODS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered October 4, 2017. The order granted defendant's pre-answer motion to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for defendant's alleged violation of the Human Rights Law resulting from its denial of her employment application based solely on her previous criminal conviction (see Executive Law § 296 [15]). We reject plaintiff's contention that Supreme Court erred in granting defendant's pre-answer motion pursuant to CPLR 3211 (a) (5) and dismissing the complaint on the ground that it was time-barred by CPLR 214 (2). "[D]efendant had the initial burden of establishing prima facie that the time in which to sue ha[d] expired . . . , and thus was required to establish . . . when . . . plaintiff's cause of action accrued" (Wendover Fin. Servs. v Ridgeway, 137 AD3d 1718, 1719 [4th Dept 2016] [internal quotation marks omitted]). Here, defendant demonstrated that the last discriminatory act set forth in the complaint occurred on August 30, 2013, and thus the cause of action accrued and the three-year statute of limitations for the Human Rights Law began to run on that date (see State Div. of Human Rights v Burroughs Corp., 73 AD2d 801, 801 [4th Dept 1979], affd 52 NY2d 748 [1980]; New York State Div. of Human Rights v Folino, 140 AD3d 1730, 1730 [4th Dept 2016]; Martinez-Tolentino v Buffalo State Coll., 277 AD2d 899, 899 [4th Dept 2000]). Defendant further demonstrated that plaintiff did not file her complaint until March 10, 2017, i.e., over six months after the limitations period had expired.
Inasmuch as defendant met its burden, the burden shifted to plaintiff to establish that an exception to the limitations period applies (see Siegel v Wank, 183 AD2d 158, 159 [3d Dept 1992]), and we conclude that plaintiff failed to meet that burden. Contrary to plaintiff's contention, the denial of an employment application is a single act rather than an ongoing policy of discrimination, and thus the continuing violation exception did not apply to toll the statute of limitations (see generally Burroughs Corp., 73 AD2d at 801; Martinez-Tolentino, 277 AD2d at 899).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court