Jones, J.
On the present appeal in this case, the second before us, the question is — on what basis, if any, may the appellate courts set aside an award of back pay by the Commissioner of Human Rights to police matrons in whose favor his finding of discrimination on the ground of sex has been upheld?
The police matron appellants filed formal complaints with the Division of Human Rights charging discrimination on the part of the Buffalo Police Department. Based on the report of a hearing examiner, the Commissioner of Human Rights made an order finding discrimination and, inter alla, ordering the city to pay the appellants back pay. On appeal by the city, the Division of Human Rights Appeal Board reversed the commissioner’s order as to discrimination and accordingly did not reach the back pay issue. On further appeal the Appellate Division, Fourth Department, reversed the appeal board and reinstated the commissioner’s order as to discrimination but not as to back pay. On the earlier appeal to us by the city we affirmed as to the finding of discrimination but dismissed the cross appeal by the matrons on the issue of back pay on the ground that the matrons were not aggrieved by the Appellate Division order and accordingly had no appeal as of right (31 N Y 2d 1032).
The appeal by the matrons on the back pay issue is now before us by our permission (33 N Y 2d 578).
The order of the Appellate Division should be modified to reinstate the order of the commissioner awarding back pay, and as so modified should be affirmed.
The issue now before us is a rather narrow one — was the Appellate Division justified in setting aside the determination of the commissioner with respect to back pay? The issue is not whether on consideration de nova or as a matter of sound policy back pay should be awarded on these facts. Rather the question is whether the award of back pay by the commissioner on this record was so arbitrary or capricious as to constitute an abuse of discretion and thus to be erroneous as a matter of law.
Section 297 (subd. 4, par. c) of the Executive Law provides in pertinent part: “ If, upon all the evidence at the hearing, the commissioner shall find that a respondent has engaged in any unlawful discriminatory practice * * *, the commissioner shall state findings of fact and shall issue and cause to. *56 be served on such respondent an order * * * (i) requiring such respondent to cease and desist from such unlawful discriminatory practice; (ii) requiring such respondent to take such affirmative action, including (but not limited to) * * * * * * reinstatement * . * * of employees, ivith or without bach pay.” (Emphasis added.)
Other aspects being equal one would suppose that the normal remedy for a compensation differential made unlawful because based on illegal discrimination would more or less automatically be to grant the injured employees back pay as well as prospectively to order elimination of the discrimination. Practically speaking the denial of back pay where there is a finding of discrimination would appear to condone violation of the law until challenge is raised. An award of back pay would seem to be a father normal sanction to be imposed.
Federal case law construing the Civil Rights Act of 1964 (U. S. Code, tit. 42, § 2000 et seq.) and the Federal Equal Pay Act of 1963 (U. S. Code, tit. 29, § 206 et seq.) similar in purpose to the State Human Rights Law (Executive Law, § 290 et seq.), and the State Labor Law (§ 194) support the award of back pay to remedy unlawful employment discrimination (Cooper v. Phillip Morris, Inc., 464 F. 2d 9 [6th Cir., 1971]; Robinson v. Lorillard Corp., 444 F. 2d 791 [4th Cir., 1971], cert. dsmd. 404 U. S. 1006).
The basis for the decision at the Appellate Division not to award back pay was that the reason for disparity in pay between men and women was ‘ ‘ not the underpayment of the matrons for the work performed but, rather, the assignment of overqualified personnel to .the position of turnkey ”. (38 A D 2d, at p. 282.) The wdmen were not underpaid; the men were overpaid. This is not an unattractive argument and, had it moved the commissioner to deny back pay in the first instance, his determination to that effect would equally have been beyond the reach of an appellate court to disturb. The present difficulty is that he was not so persuaded by that or any other argument. In the face of competing considerations, the commissioner chose to award back pay. We do not see how that determination can now be set aside as erroneous as a matter of law; certainly not merely because the opposite decision would have been reasonable and also sustainable.
*57 We add one procedural note. The review procedures prescribed by statute contemplate an intermediate review by the appeal board. Here there was none because of the board’s finding of no discrimination.* The scope of any such review by the board, however, would have been limited to whether the decision of the commissioner was “ arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion ”. (Executive Law, § 297-a, subd. 7, par. e.) This would seem to contemplate the limited scope of review familiar in article 78 proceedings. Section 298 of the Executive Law provides that in enforcement proceedings in the Appellate Division “ [t]he findings of fact on which such order is based shall be conclusive if supported by sufficient evidence on the record considered as a whole.” (Emphasis added.) The scope of review in the Appellate Division could scarcely be any broader than that of the appeal board.
As to the appellants’ assertion of entitlement to other fringe benefits, the record before us does not include the complaint. It is suggested in the appellants’ brief that relief in the form of collateral benefits was not originally sought. These issues do not involve the equal-pay-for-equal-work dispute, and in any event such issues cannot be determined on the record before us. We see no occasion at this juncture for this court to direct additional hearings to resolve those issues as to which the matron appellants have not provided us an adequate record for review on this appeal.
The order of the Appellate Division should be modified by directing reinstatement of the order of the commissioner to the extent of its award of back pay, and as so modified the order of the Appellate Division should be affirmed.
Chief Judge Fuld and Judges Burke, Breitel, Jasen and Wachtler concur; Judge Gabrielli taking no part.
Order modified, with costs against respondent city, in accordance with the opinion herein, and, as so modified, affirmed.

 We note that after reinstating the commissioner’s finding of discrimination, the Appellate Division could have remitted the case to the appeal board for consideration by it of the back pay issue. The Appellate Division chose not to do that, and in'our view no sufficiently useful purpose would now be served for our court to send the case back for any such consideration by the appeal board.