■ STATE DIVISION OF HUMAN RIGHTS et al., Respondents, v CITY OF NIAGARA FALLS et al., Petitioners.—Petition dismissed and determination unanimously confirmed, without costs; cross motion for order of enforcement granted. Memorandum: Petitioners City of Niagara Falls and Niagara Falls Police Department bring this proceeding pursuant to section 298 of the Executive Law for review of a determination of the State Human Rights Appeal Board dated July 21, 1977 unanimously affirming the decision and order of the Commissioner of the State Division of Human Rights dated August 28, 1975 finding that petitioners had committed unlawful discriminatory practices by compensating respondents, police matrons, at a lower rate of pay than male patrolmen performing essentially the same duties. Respondents have been employed for varying lengths of time by petitioners as police matrons charged with the care and custody of female prisoners in the jail. They filed a complaint with the State Division of Human Rights in which they alleged that male police officers assigned to the jail on a fairly permanent basis performed similar duties for male prisoners as they did for female prisoners but were compensated at a higher rate. The commissioner found and the appeal board affirmed that petitioners had engaged in a discriminatory practice against complainants on the basis of their sex. The record shows that the actual job requirements and performance of police matrons and officers were substantially equivalent (*Matter of Mize v State Div. of Human Rights,* 38 AD2d 278, affd in part, app dsmd in part, 31 NY2d 1032, mod 33 NY2d 53). Inasmuch as the determination of the appeal board is supported by substantial evidence, we decline to disturb it (*City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 424). The award of back pay was within the authority of the commissioner (Executive Law, § 297, subd 4, par [c]) and is consistent with the State's antidiscrimination policy. Since the award was not arbitrary or capricious and did not constitute an abuse of discretion, it was not erroneous as a matter of law and should not be set aside (*Matter of Mize v State Div. of Human Rights,* 33 NY2d 53, 56). (Proceeding pursuant to Executive Law, § 298.) Present—Marsh, P. J., Moule, Cardamone, Denman and Witmer, JJ.