■ In the Matter of CLARISSA PHILLIPS, Petitioner, on Behalf of STANLEY PHILLIPS, Deceased. MARGARITA ROSA et al., Respondents. [635 NYS2d 92] —Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights, dated March 11, 1993, which, after a hearing, determined that the respondent did not discriminate against the complainant and dismissed the complaint.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

We find that the determination of the Commissioner of the New York State Division of Human Rights that the respondent New York Seven-Up Bottling Company, Inc. (hereinafter 7-Up) did not unlawfully discriminate against the complainant Stanley Phillips because of his HIV-seropositive status is supported by substantial evidence. "It is peculiarly within the domain of the Commissioner, who is presumed to have special expertise in the matter, to assess whether the facts and the law support a finding of unlawful discrimination" (*Matter of Club Swamp Annex v White*, 167 AD2d 400, 401; *see, Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Exec. Dept.*, 220 AD2d 668). There is ample evidence, medical and otherwise, in the hearing record to support the Commissioner's finding that the physical manifestations of the complainant's disability rendered him physically "unable to perform the job duties of any available position" with 7-Up (*see*, Executive Law § 296 [1] [a]; *Matter of Antonsen v Ward*, 77 NY2d 506; *Lawson v High Bar Wholesale Food Distribs.*, 217 AD2d 646). Accordingly, we decline to disturb the Commissioner's findings. Mangano, P. J., Bracken, Sullivan and Hart, JJ., concur.