Marilyn DuBOIS, Plaintiff,

v.

The STATE OF NEW YORK, Defendant.

No. 97–CV–270.

United States District Court,
N.D. New York.

June 19, 1997.

Lovett, Gould Law Firm, White Plains, NY
(Jonathan Lovett, of counsel), for Plaintiff.

Dennis C. Vacco, Attorney General of the State of New York, Albany, NY (Mary Ellen Clerkin, Assistant Attorney General, of counsel), for Defendant.

### MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

## I. PROCEDURAL HISTORY

Pursuant to Fed.R.Civ.P. 12(b)(6), defendant moves to dismiss plaintiffs discrimination claims set forth in her Complaint filed on February 28, 1997 with this Court. *See* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Alternatively, defendant moves to have plaintiffs Title VII claims consolidated with a related cause of action, *DuBois v. Zagata,* 96–CV–1241, pursuant to Fed.R.Civ.P. 42(a). Plaintiff does not object to defendant's motion to consolidate.

## II. FACTS

Plaintiff is the former Chief of the Bureau of Pesticide Control, a non-policy making administrative position for the State of New York. Pursuant to a notice dated June 22, 1995, defendant terminated plaintiff's position effective July 12, 1995.

In substance, plaintiff alleges that her termination stemmed from differences in environmental policy opinions between herself and the Pataki Administration. However, plaintiff also claims that defendant violated her civil rights under Title VII on two separate occasions. First, plaintiff alleges a Title VII violation insofar as defendant replaced her with an allegedly less qualified male employee. Second, plaintiff alleges a Title VII violation in that defendant retaliated against her for filing a March 12, 1996 Equal Employment Opportunity Commission complaint by disseminating a June 7, 1996 Ethics Commission report that found her to have broken Public Officers Law § 73(8)(a)(ii).

This Court has federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1343.

## III. DISCUSSION

Plaintiff's Complaint alleges two separate violations of Title VII. First, plaintiff alleges that defendant violated her right to a workplace free from gender-based discrimination. Second, plaintiff alleges that her termination was intended by defendant as retaliation against her for filing a complaint with the EEOC with regard to alleged gender-based discrimination. Defendant moves for dismissal of plaintiffs Title VII claims pursuant to Fed.R.Civ.P. 12(b)(6). Should the Court deny this motion, defendant moves to have plaintiff's Title VII claims consolidated with her pre-existing cause of action, *DuBois v. Zagata,* 96–CV–1241, pursuant to Fed. R.Civ.P. 42(a).

### A. Plaintiff's Gender–Based Discrimination Claim

Plaintiff's claim that defendant violated Title VII by intentionally discriminating against her on the basis of gender requires the Court to apply the three-step burden shifting analysis enunciated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–04, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973); *Holt v. KMI–Continental, Inc.,* 95 F.3d 123, 129 (2d Cir.1996). Under this analysis, plaintiff must first prove a *prima facie* case of gender discrimination by a preponderance of evidence. *Id.* at 802, 93 S.Ct. at 1824. Second, after plaintiff establishes a *prima facie* case, the burden shifts to defendant to articulate legitimate, non-discriminatory reasons for its alleged activity. *See Gallo v. Prudential Residential Services, Ltd.,* 22 F.3d 1219, 1226 (2d Cir.1994). Third, if defendant satisfies this burden, plaintiff must prove the employer's reason was merely a pretext for discrimination. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 515, 113 S.Ct. 2742, 2751–52, 125 L.Ed.2d 407 (1993).

Plaintiff must establish a *prima facie* case for gender discrimination under Title VII by showing that "she was treated less favorably than comparable male employees in circumstance from which a gender-based motive could be inferred." *See Montana v. First Fed. Sav. & Loan Ass'n,* 869 F.2d 100, 106 (2d Cir.1989). Plaintiff, however, never

makes any comparison between herself and a similarly situated male, nor alleges disparate treatment.

The only reference to gender that plaintiff makes throughout the course of her pleadings is a claim that defendant hired an allegedly less qualified male to replace her. However, the fact that plaintiff's replacement was a male, allegedly less qualified than herself, does not support an inference that her termination related to gender. Rather, plaintiff's consistent and forceful allegations that her superiors planned to terminate her position or coerce her resignation because of her opinions on environmental matters make clear that her discharge and the hiring of a male replacement were unrelated.

■ Moreover, claims made pursuant to civil rights statutes, based on alleged deprivations of constitutional rights, must be pleaded with specificity. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987). Here, however, plaintiff fails to provide any detail as to her male replacement's qualifications, whether his duties and benefits were similar to her own, and/or the circumstances under which he succeeded her. Thus, the Court finds plaintiff's conclusory allegations insufficient to support a Title VII claim.

## B.  Plaintiff's Retaliation Claim

### 1.  Procedural Aspects of Retaliation Claim

Prior to advancing the merits of her Complaint, plaintiff must first satisfy "the jurisdictional prerequisites to a federal action (i) by filing timely charges of employment discrimination with the Commission and (ii) by receiving and acting upon the Commission's statutory notice of the right to sue." *See McDonnell Douglas Corp.*, 411 U.S. at 798, 93 S.Ct. at 1822 (1973)(citing 42 U.S.C. §§ 2000e–5(a) and 2000e–5(e)). Plaintiff timely filed her March 12, 1996 EEOC complaint under § 706(e) as to any Title VII violation occurring within the 300 days prior to her July 22, 1995 discharge. Furthermore, plaintiff received the required Notice of Right to Sue from the Justice Department before initiating the instant Complaint. *See* 42 U.S.C. § 2000e–5(f)(1).

As the foregoing shows, plaintiff satisfied the procedural threshold conferring jurisdiction on this Court. *See McDonnell Douglas Corp.*, 411 U.S. at 798, 93 S.Ct. at 1822. Thus, the Court now discusses the merits of her claim.

### 2.  Merits of Plaintiff's Retaliation Claim

■ Under 2000e–3(a), employers are prohibited from retaliating against employees because they file administrative or other complaints concerning the employer's alleged discriminatory practices. To establish a *prima facie* case for retaliation under Title VII, plaintiff must show: (a) "participation in a protected activity known to the defendant;" (b) "an employment action disadvantaging the plaintiff" and © "a causal connection between the protected activity and the adverse employment action." *See Holt*, 95 F.3d at 130. Upon such a showing, defendant must articulate legitimate, non-discriminatory reasons for its actions, whereupon plaintiff must show defendant's reasons are merely pretext for discrimination. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1308 (2d Cir. 1995).

### a.  Participation in Protected Activity

The parties do not dispute the first element of plaintiff's claim. Thus, the Court presumes, for the purposes of this motion that plaintiff has met this burden.

### b.  Employment Action Disadvantaging Plaintiff.

■ As to an action disadvantaging the plaintiff, plaintiff's Complaint alleges two basic retaliatory actions defendant perpetrated against her. First, plaintiff alleges that defendant transferred her from the so-called Pesticide Bureau to the Pollution Prevention Unit where, after a lengthy commute, she was required to perform duties inappropriate for her job title. Second, plaintiff alleges that defendant disseminated a June 7, 1996 Ethics Commission report which found her to have violated Public Officers Law § 73(8)(a)(ii) by signing a September 20, 1995 letter opposing repeal of a pesticide regulation.

The alleged transfer and inappropriate duties necessarily preceded plaintiff's March 12, 1996 EEOC complaint since defendant terminated her on July 22, 1995. Thus, ostensibly there can be no factual connection between these two events.

■ However, the fact that defendant discharged plaintiff prior to her EEOC complaint does not necessarily preclude a cause of action based on retaliation. A plaintiff may have "tangible *future* employment objectives, for which [she] must maintain a wholesome reputation." *See Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 466 (2d Cir.1997). Thus, plaintiff can claim retaliation, even though she is no longer employed by defendant, if defendant sullies her reputation. *See also Pantchenko v. C.B. Dolge Co., Inc.* 581 F.2d 1052, 1054–55 (2d Cir.1978).

In the instant case, to the extent that plaintiff's retaliation claim rests on her alleged wrongful transfer and inappropriate duties, such an allegation is legally insufficient. Even if true, that allegation does not bear on plaintiff's reputation. However, plaintiff also alleges that defendant disseminated an Ethics Commission report that found her to have violated Public Officers Law § 73(8)(a)(ii). Plaintiff contends that defendant did this to retaliate against her for filing the EEOC complaint. Clearly, this allegation, if proven, would taint an otherwise unsullied reputation. *See Wanamaker,* 108 F.3d at 466. Thus, plaintiff has pleaded facts sufficient to satisfy this element of her retaliation claim.

### c. Causal Connection Between Plaintiff's EEOC Filing and Her Termination.

■ As to the third element of a retaliation claim, a causal connection between plaintiff's EEOC complaint and her termination may be established either

*indirectly* by showing that the protected activity was followed closely by discriminatory treatment, or through other evidence such as disparate treatment of fellow employees who engaged in similar conduct, or *directly* through evidence of retaliatory animus directed against a plaintiff by defendants. *See DeCintio v. Westchester Coun-*

*ty Medical Ctr.,* 821 F.2d 111, 115 (2d Cir.) *cert. denied,* 484 U.S. 965[, 108 S.Ct. 455, 98 L.Ed.2d 395] (1987) (emphasis in original).

Moreover, as the Second Circuit held in *Johnson v. Palma,* 931 F.2d 203, 208 (2d Cir.1991), "adverse action directly follow[ing] the filing of an administrative charge is sufficient to establish the requisite causal connection."

In the instant matter, plaintiff alleges that defendant disseminated the Ethics Commission report in retaliation for her filing an EEOC complaint. This adverse action is sufficient to state a claim under both *DeCintio,* 821 F.2d at 115, and *Palma,* 931 F.2d at 208.

### C. Defendant's 12(b)(6) Motion

When considering defendant's 12(b)(6) motion, the Court concerns itself with two propositions. First, the Court "must limit itself to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *See Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991). Second, the Court must "view all allegations raised in the complaint in the light most favorable to the non-moving party." *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Based on the facts alleged by plaintiff, and considering those facts in the light most favorable to her claim, the Court finds plaintiff has not stated a gender-based discrimination claim under Title VII. As noted, plaintiff has not pleaded with particularity facts supporting this claim.

However, with regard to a retaliation claim, the Court finds that though the facts and claims plaintiff alleges in her Complaint are often tangled and sometimes conflated, she has alleged the requisite elements for a retaliation claim. Thus, plaintiff must be permitted to proceed with her retaliation claim under Title VII.

### D. Motion to Consolidate

■ Defendant has moved to consolidate the instant action with claims plaintiff

previously alleged in *DuBois v. Zagata,* 96–CV–1241, on the grounds that the two matters involve essentially the same facts, witnesses, and parties. Trial Courts have broad discretion to consolidate pending actions that involve common questions of law or fact in order to avoid unnecessary costs and delays. *See Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284–85 (2d Cir.1990); *see also* Fed.R.Civ.P. 42(a). However, despite considerations of judicial economy that favor consolidation, the power to consolidate is not absolute. *See, e.g., Morse v. Stanley,* 732 F.2d 1139 (2d Cir.1984). In the appropriate case, matters of economy must yield to superior concerns of a fair and impartial trial and the risk of prejudice and confusion. *See Id.* In the instant case, each party consents to consolidation. Moreover, the facts and legal issues underlying plaintiff's Title VII claim are closely related to those she alleges in *DuBois v. Zagata,* 96–CV–1241. Thus, the Court finds that consolidation would impose no additional burden on the parties, witnesses, and judicial resources already involved in that action. For these reasons, the Court will grant defendant's motion to consolidate.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss plaintiff's gender-based discrimination claim, but **DENIES** the motion to dismiss her retaliation claim. Such dismissal is without prejudice. Furthermore, the Court **GRANTS** defendant's motion to consolidate.

**IT IS SO ORDERED.**