■ In the Matter of NEW YORK STATE ENERGY RESEARCH AND DEVELOPMENT AUTHORITY, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [857 NYS2d 269]—

Lahtinen, J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Division of Human Rights which, among other things, found petitioner guilty of an unlawful discriminatory practice based on gender.

In 1989, respondent Ian A. Nitschke applied for a position as an energy manager with petitioner, a public authority that promotes innovative energy research. Nitschke had a doctorate in physics and nine years of energy research experience, including working on many projects sponsored by petitioner. He was one of two finalists for the job. The other was a female with a Master's degree in engineering and virtually no relevant work experience. According to Nitschke, several employees of petitioner who interviewed him indicated with varying degrees of specificity that a female would be preferred for the position. The female candidate was hired in September 1989. Subsequently, in May 1990, Nitschke obtained a job with the Department of Public Service, which works in conjunction with petitioner on some projects. Nevertheless, in June 1990, he filed a complaint with respondent State Division of Human Rights (hereinafter SDHR) alleging that petitioner had engaged in an unlawful discriminatory practice by not hiring him because of his gender. He contends that after filing the complaint, petitioner retaliated against him by, among other things, having him removed from a panel he served on at his job that interacted with petitioner.

Following protracted delays and two hearings, the SDHR determined that petitioner had unlawfully discriminated against Nitschke on the basis of gender and also found merit to some of his retaliation contentions. The SDHR awarded him damages of $17,411.60 for back wages, $10,000 for emotional pain and suffering, and $20,000 as compensatory damages for the retaliatory conduct. This proceeding by petitioner ensued.

Determinations by the SDHR are "entitled to considerable deference due to its expertise in evaluating discrimination claims" (*Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484, 485 [2003]; *Matter of Phillips*, 222 AD2d 592, 592 [1995]). "In reviewing the [SDHR's] findings, the court is limited to determining whether those findings are supported by substantial evidence (*see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180) and may not weigh the evidence or reject the [SDHR's] determination 'where the evidence is conflicting and room for choice exists' " (*Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Exec. Dept.*, 220 AD2d 668, 668 [1995], quoting *City of New York v State Div. of Human Rights*, 70 NY2d 100, 106 [1987]; *see* Executive Law § 298). "A determination may not be set aside 'merely because the opposite decision would have been reasonable and also sustainable' " (*Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d at 485, quoting *Matter of Mize v State Div. of Human Rights*, 33 NY2d 53, 56 [1973]).

Nitschke testified that two of petitioner's employees with whom he had prior business relationships (including Gunnar Walmet, who had primary authority regarding the hiring decision) stated to him during their interviews with him that there was internal agency pressure to hire a female candidate. He related that, during a wrap-up interview, these individuals indicated that, because of the internal pressure, they would take a risk on a female candidate with very little experience. He further testified that, during his interview with petitioner's manager of human resources, he suggested that he had qualifications superior to those of the female candidate and the manager "became quite hostile to [him] and indicated that there was a very serious need to hire women candidates." While petitioner contends that this evidence is hearsay, such evidence may be considered in an administrative proceeding of this nature (*see Matter of Bellamy v New York State Div. of Human Rights*, 8 AD3d 269, 270 [2004]; *Matter of Butler v Nassau County Civ. Serv. Commn.*, 175 AD2d 159, 161 [1991]). Walmet's denial that he had made the statements attributed to him by Nitschke or otherwise considered gender in making his decision

created a credibility issue for the SDHR. Moreover, Walmet's explanation that he preferred the candidate with virtually no relevant experience because she might be innovative is in direct conflict with the job vacancy notice which stated that experience was "highly desirable." The SDHR also noted that the references of the candidates were treated differently in that both received negative comments, but the detrimental information regarding the female candidate was essentially ignored. While the case could have been decided differently on this record, the evidence is nevertheless sufficient to support the SDHR's finding under the discrimination rubric (*see generally Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Matter of Town of Lumberland v New York State Div. of Human Rights*, 229 AD2d 631, 635 [1996]) and, in light of our scope of review, we are unpersuaded that the determination must be annulled.

The record further supports the retaliation determination. Although petitioner was not Nitschke's employer when the retaliation occurred, that does not necessarily foreclose a finding of retaliation under the circumstances of this case (*see generally Wanamaker v Columbian Rope Co.*, 108 F3d 462, 466 [2d Cir 1997]; *DuBois v State of New York*, 966 F Supp 144, 148 [ND NY 1997]). Petitioner and Nitschke's employer had a very close working relationship on some projects. As part of his job within the Office of Electricity and Environment of the Department of Public Service, Nitschke was assigned to serve on technical evaluation panels. Those panels were part of an evaluation process developed by petitioner, the panels reviewed energy research proposals received by petitioner and they included a representative from Nitschke's employer. Petitioner exerted its influence with Nitschke's employer to have him removed from a panel because he had filed the discrimination complaint against petitioner and to have him precluded from all future panels, detrimentally affecting his employment.

Finally, we have considered and find unavailing petitioner's argument that the award was improper. "[T]he [SDHR] has broad powers to adopt measures which [it] reasonably deems necessary to redress the injury" (*Matter of Imperial Diner v State Human Rights Appeal Bd.*, 52 NY2d 72, 79 [1980]; *see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 217 [1991]). The award is supported by the evidence and does not deviate markedly from comparable awards for similar injuries (*see Matter of State Div. of Human Rights v Muia*, 176 AD2d 1142, 1144-1145 [1991]).

Cardona, P.J., Carpinello, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.