■ In the Matter of NEW YORK CITY DEPARTMENT OF CORRECTION, Petitioner, v DOUGLAS H. WHITE, as Commissioner of the New York State Division of Human Rights, et al., Respondents.—In this CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County (Charles E. Ramos, J.), entered April 24, 1989, to review the determination of respondent Commissioner of the State Division of Human Rights, dated December 21, 1988, which found that petitioner, the Department of Correction, discriminated against the complainant on the basis of his arrest record in

violation of the Human Rights Law (Executive Law § 296 [16]); ordered petitioner to cease and desist from discriminating against any person because of his or her arrest record; ordered that petitioner reconsider complainant for the next available position of correction officer without any consideration of his arrest record; and awarded him $1,000 in compensatory damages for hurt, humiliation and mental anguish, unanimously annulled to the extent that it ordered that petitioner cease and desist from inquiring about an applicant's arrest record, ordered that complainant be reconsidered for the next available position of correction officer and awarded him $1,000 in compensatory damages, and otherwise confirmed, without costs.

Although it has since been amended to permit inquiry regarding any arrest or criminal accusation, not then pending, which was terminated in favor of an applicant for employment as a police officer or peace officer (L 1985, ch 208), Executive Law § 296 (16), in effect at the time, prohibited such inquiry and there is substantial evidence in the record that the complainant's arrest record and petitioner's misconception that he had been convicted were the primary reasons for petitioner's nonselection of complainant for the position of correction officer. However, the civil service eligibility list in question expired almost one year prior to respondent's determination. In *Matter of Deas v Levitt* (73 NY2d 525, *cert denied* — US —, 110 S Ct 324), the court held that a civil service applicant cannot be hired from an expired list unless the applicant commences a judicial or administrative proceeding prior to the expiration of the list and also challenges the list itself. The complainant here has made no such challenge. There is also an insufficient basis for respondent's award of compensatory damages for hurt, humiliation and mental anguish, since there was no evidence supporting the complainant's claims of mental anguish other than his statement that he was very upset. *(See, Matter of City of New York v State Div. of Human Rights,* 154 AD2d 56.)* Finally, the cease and desist order should be annulled in light of the 1985 amendment to section 296 (16), which permits such inquiry of applicants for employment as peace officers, which includes correction officers (CPL 1.20 [33]; 2.10 [25]). Concur—Kupferman, J. P., Sullivan, Rosenberger, Ellerin and Smith, JJ.