■ In the Matter of SCHWEIZER AIRCRAFT CORPORATION, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [632 NYS2d 247] —Yesawich Jr., J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent State Division of Human Rights which found petitioner guilty of unlawful discriminatory practices based on gender.

Following investigation of two complaints filed by female employees of petitioner, alleging that they had been paid less than male employees performing comparable work, respondent State Division of Human Rights (hereinafter respondent) found probable cause to believe that petitioner had discriminated against the complainants on the basis of sex, in violation of the Human Rights Law (*see*, Executive Law § 296 [1] [a]). A hearing, which spanned six years and was presided over by three different Administrative Law Judges (hereinafter ALJs), resulted in the issuance of a decision finding petitioner guilty of unlawful practices, and awarding complainants back pay and an additional $10,000 each, to compensate them for the mental anguish they suffered. These findings and recommendations were adopted by respondent's Deputy Executive Commissioner over petitioner's objections; petitioner seeks annulment of the resulting order.

Initially, we reject petitioner's contention that the lengthy administrative delay in resolving the complaints substantially interfered with its ability to obtain a fair adjudication. Though cognizant that the substitution of ALJs during the course of a hearing is generally permissible and will not, standing alone, warrant a finding of prejudice (*see*, *Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights*, 216 AD2d 658, 659; *Mountleigh v City of New York*, 191 AD2d 291, *lv denied* 83 NY2d 753), petitioner nevertheless maintains that

the substitution caused actual prejudice in this instance because the third ALJ, who decided the matter, was inadequately prepared and was unable—not having witnessed her direct examination—to assess one complainant's testimony on cross-examination. These assertions are meritless, for the record reveals that while the ALJ admitted not having reviewed the record prior to the first hearing session over which he presided, he clearly did so—as he had avowed he would—before issuing the decision.

Moreover, inasmuch as it is respondent's Commissioner, not the ALJ, who is responsible for making the ultimate factual determinations, the fact that the latter must, on some occasions, evaluate credibility on the basis of a written record does not lead inexorably to a finding of prejudice (*see, Matter of Briggs v Board of Regents*, 188 AD2d 836, 837, *lv denied* 81 NY2d 708). In short, petitioner has not shown the type of irreparable harm necessary to warrant annulment of the determination (*see, Matter of Corning Glass Works v Ovsanik*, 84 NY2d 619, 624; *Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 177-178, *cert denied* 476 US 1115).

Nor has petitioner demonstrated that it was prejudiced by the ALJ's receipt of a decision issued by the National Labor Relations Board, in an unrelated case, which reflected poorly on the credibility of one of petitioner's witnesses. Given the ALJ's expressed awareness of the questionable admissibility of the document when it was submitted, and the complete absence of any reference to it or indication that it was even considered in his decision, nothing suggests that its receipt affected the outcome of the proceeding in any way.

Petitioner also claims that the determination is based upon an erroneous legal standard. This argument, couched, as it is, in terms of the standards used to decide disputes brought under analogous Federal statutes, essentially reduces to a complaint that respondent improperly shifted the burden of proof to petitioner. There was no misperception on the ALJ's part. His conclusion was based on clearly stated findings—amply supported by the record—that petitioner paid complainants less than their male counterparts who were performing the same job, under similar conditions, and that the disparity was the result of intentional discrimination against complainants on the basis of gender.

Respondent not only found that men were being paid more for the same work, despite the fact that complainants had received glowing evaluations in which they were rated as top performers, and that petitioner was unable to demonstrate any

legitimate neutral reason for the inequality, but also that when one of the complainants transferred to another department, her replacement, a man, was hired at a higher rate of pay, and a deliberate attempt was made to hide this fact from the complainant. Most importantly, respondent found that the proffered reason for the pay differential—that complainants, who worked as expediters, required more "supervision" than other expediters—was, itself, the product of discriminatory animus. These findings provided justification for the conclusion that petitioner had engaged in intentional, unlawful discriminatory conduct as defined by the Human Rights Law (*see, Matter of Consolidated Edison Co. v New York State Div. of Human Rights*, 77 NY2d 411; *Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.*, 71 NY2d 623, 632; *Sogg v American Airlines*, 193 AD2d 153, 160, *lv dismissed* 83 NY2d 846, *lv denied* 83 NY2d 754).

Parenthetically, we note that the mention of Title VII in one clause of the complaint form completed by complainants—intended to satisfy certain procedural formalities necessary to preserve their right to pursue their claims in Federal court—does not transform the administrative proceeding underlying this appeal into one based on the Federal statute (*cf.*, Executive Law § 297 [4] [c] [Commissioner authorized to make findings with respect to "unlawful discriminatory practice(s) as defined in this article"]).

And, inasmuch as petitioner failed to raise any objection to the amounts awarded by the ALJ when afforded an opportunity to do so, at a time when its concerns could have been addressed by respondent, it may not now urge these matters upon this Court (*see*, Executive Law § 298; *Matter of Club Swamp Annex v White*, 167 AD2d 400, 402, *lv denied* 77 NY2d 809).

The other points advanced by petitioner have been considered and found wanting.

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.