■ In the Matter of MANUEL JOHNSON, Respondent, v NEW YORK CITY COMMISSION ON HUMAN RIGHTS et al., Appellants. [706 NYS2d 18] —Order, Supreme Court, New York County (Emily Goodman, J.), entered March 4, 1999, which, in a proceeding to annul respondent Commission on Human Rights' determination that there was no probable cause to believe that respondent Department of Correction's refusal to employ petitioner as a computer associate was because of his arrest record, in violation of Administrative Code of the City of New York § 8-107 (11), granted petitioner's motion to reargue a prior order denying the application, and, upon reargument, granted the application to the extent of annulling the finding of no probable cause and directing the Commission to issue a new order finding that the Department unlawfully discriminated against petitioner and directing that the Department immediately hire petitioner and pay him back wages and attorneys' fees, unanimously modified, on the law, to vacate the direction that the Commission direct the Department to hire petitioner and pay him back wages and attorneys' fees, and to substitute therefor a direction that the Department place petitioner on the eligible list if still in existence and reconsider him for the position of computer associate, and otherwise affirmed, without costs.

The motion court properly granted reargument on the ground that it failed to apprehend that the Department made its decision not to employ petitioner while in possession of Maryland appellate court documents indicating that the Maryland criminal proceedings against petitioner were disposed of in a manner analogous to New York's adjournment in contemplation of

dismissal (CPLR 2221 [d] [2]; *see, Matter of New York City Dept. of Correction v White*, 163 AD2d 250). That was precisely the tenor of petitioner's personal history questionnaire, on which petitioner forthrightly disclosed that he had been arrested in Maryland but indicated that the charges did not result in a "conviction." We reject the Department's contention that its failure to appreciate the essential truth of this representation, and its resulting unlawful discrimination against petitioner on the basis of his arrest record, should be excused because a reasonable reading of the Maryland criminal case records made it appear that petitioner had been convicted of a crime. Even the Maryland superior court documents that the Department admits it had at all relevant times indicate that petitioner had taken an appeal, and should have caused the Department to make a more thorough inquiry before concluding that petitioner had lied on the questionnaire. However, by reason of the one-in-three rule of Civil Service Law § 61, petitioner's only judicially available remedy is a direction that he be reconsidered for appointment (*see, Matter of Andriola v Ortiz*, 82 NY2d 320, *cert denied sub nom. Andriola v Antinoro*, 511 US 1031; *Matter of Greco v Department of Personnel*, 226 AD2d 105; *cf., Matter of Beame v DeLeon*, 87 NY2d 289), and we modify accordingly. We also modify to vacate the award of attorneys' fees as without basis in any pertinent contract, statute or court rule (*see, Matter of A. G. Ship Maintenance Corp. v Lezak*, 69 NY2d 1, 5). Concur—Nardelli, J. P., Mazzarelli, Lerner and Friedman, JJ.