■ In the Matter of NANCY SAUNDERS, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [732 NYS2d 901] —Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights, dated June 19, 2000, which dismissed the petitioner's complaint.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the contention of the respondent Westchester Country Club, the petitioner's complaint was timely under the continuing-violation exception to the one-year Statute of Limitations (see, Executive Law § 297; State Div. of Human Rights v Burroughs, 73 AD2d 801, affd 52 NY2d 748), as the discriminatory, gender-based policies of the Westchester Country Club regarding access to its facilities were in place until 1992, years after the petitioner filed her complaint (see, Collins v Christopher, 48 F Supp 2d 397, 406). However, the complaint was properly dismissed because the Westchester County Club was not subject to the Human Rights Law as it existed at the time of the alleged discrimination (see, Matter of United States Power Squadrons v State Human Rights Appeal Bd., 59 NY2d 401).

Contrary to the petitioner's contentions, the substitution of a different Administrative Law Judge after all testimony was heard was proper. The petitioner has not shown that she suffered "the type of irreparable harm necessary to warrant an-

nulment of the determination" as a result of such substitution (*Matter of Schweizer Aircraft Corp. v New York State Div. of Human Rights,* 220 AD2d 855, 856 [inasmuch as the respondent's Commissioner, not ALJ, is responsible for making ultimate factual determinations, the fact that the latter must, on some occasions, evaluate credibility on the basis of a written record does not lead inexorably to a finding of prejudice]). Friedmann, J. P., Smith, Adams and Cozier, JJ., concur.