■ In the Matter of JEFFREY YOUNGER, Respondent, v CITY OF NEW YORK et al., Appellants. [742 NYS2d 259] —Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered July 25, 2001, which granted petitioner's application for an order directing respondents to conduct a complete medical examination of him, unanimously reversed, on the law, without costs, and the petition denied.

Petitioner was disqualified from consideration for the position of school safety agent with the New York City Police Department (NYPD) after appearing for a medical examination and voluntarily revealing that he is a diabetic. A notice of medical disqualification, issued the same day, states the reason as "Diabetes Mel[l]itus Type I." A review by the NYPD Medical Division resulted in the issuance of a similar notice, stating the reason as, simply, "Diabetes."

The petition charges that the "failure to hire petitioner solely and exclusively due to his diabetic condition is arbitrary, capricious and in violation of law." As supporting evidence, petitioner supplied the statement of his treating physician, which states, in its entirety: "Mr. Jeffrey Younger is under my care for the treatment of diabetes mellitus. He is in stable health and able to perform his duties as a security officer," petitioner's customary occupation.

Respondents answered that an individualized review of petitioner's medical history indicates that he is not capable of performing the essential functions of a school safety agent. The annexed affidavit of NYPD's Supervising Chief Surgeon states that petitioner's medical records reveal elevated, uncontrolled blood glucose levels. It notes that urinalysis is positive for sugar and acetone, and that the record does not contain even a single, normal urinalysis or blood glucose test. It concludes that petitioner's diabetic condition "is not expected to permit him to perform the essential functions of School Safety Officer without being a danger to himself and others."

In reply, petitioner contends that the Chief Surgeon's conclusion is speculative. It merely states that an elevated blood glucose level "is associated with depression, urinary frequency, urinary urgency, cognitive changes, and fluctuating visual acuity." It does not state that petitioner actually suffers from any of these conditions; nor does it identify any required job function that petitioner is unable to perform.

At a conference, Supreme Court directed petitioner to supply additional medical information. After it was reviewed, petitioner underwent a second physical examination conducted by another physician. His report notes blood sugar levels that are

"extremely high and uncontrolled," as indicated by an extreme elevation in hemoglobin A1c, "revealing lack of control and significantly elevated sugars over a preceding 5 week period."

In the order subject to appeal, Supreme Court remanded the matter to the NYPD yet again, directing that "respondent[s] fairly administer tests which, in their belief, ha[ve] some direct relationship to the rigors of this position." The court noted that respondents had never shown "how other people are evaluated for this position when they are not inflicted *[sic]* with diabetes," directing that petitioner be "evaluated in the same manner."

There is ample evidence in the record from which respondents could rationally conclude that petitioner suffers from poorly controlled diabetes (CPLR 7803 [3]; *Matter of Chelrae Estates v State Div. of Hous. & Community Renewal*, 225 AD2d 387, 389, citing *Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231). His medical history includes hospitalization on at least two occasions in 1998 and 1999, and his treating physician's notes suggest that petitioner missed work on those occasions as a result of his condition. Significantly, neither in his affidavit nor elsewhere in the medical record has petitioner's doctor ever stated the opinion that petitioner is medically able to perform the physical tasks demanded of a School Safety Agent (*see, Matter of Miller v Ravitch*, 60 NY2d 527, 532 [disability is material if candidate is not "reasonably able to do what the position requires"]).

Finally, respondents are under no obligation to fashion an examination, not administered to other candidates, specifically designed to test petitioner's capacity for physical exertion. Given the danger to petitioner's health that such a test might pose, as reflected in the affidavit of NYPD's Supervising Chief Surgeon, Supreme Court improvidently exercised its discretion in directing respondents to administer such an examination to petitioner. Concur—Nardelli, J.P., Sullivan, Wallach and Rubin, JJ.