■ In the Matter of DONALD PAGEAU, Petitioner, v EVONNE W. JENNINGS TOLBERT, as Commissioner of Human Rights, et al., Respondents. [758 NYS2d 712] —Kane, J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Division of Human Rights which found no probable cause to believe that respondent Department of Correctional Services had engaged in an unlawful discriminatory practice relating to employment.

In 1987, petitioner passed the civil service examination for the position of correction officer with respondent Department of Correctional Services (hereinafter DOCS). As part of the qualifying process, he underwent a medical examination conducted by a physician employed by respondent Department of Civil Service. The physician noted a childhood shoulder injury and consequent fusion surgery, which petitioner admitted prevented him from raising his right arm above chest level. The supervising physician also examined petitioner. After conferring, the two physicians determined that petitioner was unable to reasonably perform the duties of a correction officer. Petitioner submitted a report from his orthopedist that confirmed the disability, but opined that petitioner was capable of performing the duties of the position. The determination to disqualify petitioner remained.

Petitioner filed a complaint with respondent Division of Human Rights (hereinafter the Division), alleging, among other things, that he was discriminated against based on his disability. Following a May 2001 hearing, the Administrative Law Judge (hereinafter ALJ) recommended a finding that

petitioner was the subject of discrimination. Respondent Commissioner of Human Rights issued an order finding no discrimination. Petitioner commenced this proceeding to challenge that determination.

Preliminarily, all parties agree that petitioner has a disability and was denied the position based on that disability. The only question is whether such denial was unlawful. We hold that it was not.

An employer may refuse to hire a candidate if the disability prevents the candidate from "performing in a reasonable manner the activities involved in the job" (Executive Law § 292 [21]; *see Matter of Antonsen v Ward*, 77 NY2d 506, 513 [1991]; *Matter of Miller v Ravitch*, 60 NY2d 527, 532 [1983]). This requires an individualized determination that the particular disability affects the individual in such a way as to prevent him or her from performing in a reasonable manner the specific activities involved in the position at issue (*see Matter of Antonsen v Ward, supra* at 513; *Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]). In this proceeding, this Court is limited to reviewing whether the Commissioner's determination is supported by substantial evidence, and may not weigh the evidence anew or substitute its judgment where conflicting evidence exists (*see Matter of State Div. of Human Rights [Granelle], supra* at 106; *Matter of State of New York v New York State Div. of Human Rights*, 284 AD2d 882, 883 [2001]; *Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights*, 225 AD2d 856, 857 [1996]).

The Commissioner's determination here is supported by substantial evidence in the record. Two physicians examined petitioner and observed his limited range of motion. Additionally, petitioner admitted that he could not raise his right arm above chest level or put it behind his head, reasonably leading to the conclusion that there could be a threat to the health and safety of petitioner, other correction officers, inmates or the public if petitioner were called upon to perform such actions as lifting a baton over his head in defense. The Commissioner was free to accept the state physicians' opinions despite a conflicting opinion that petitioner was capable of performing the duties of the position, as the orthopedist's medical findings supported the determinations of the examining physicians and did not indicate his familiarity with the required duties (*see Matter of Curcio v Nassau County Civ. Serv. Commn.*, 220 AD2d 412, 413 [1995], *lv denied* 87 NY2d 806 [1996]).

Contrary to petitioner's contentions, DOCS was not required

to allow him to enter the correction officer academy or fashion tests simulating actual job duties before determining that petitioner could not reasonably perform such duties (*see Matter of Younger v City of New York*, 294 AD2d 215 [2002], *lv denied* 98 NY2d 615 [2002]). In addition, DOCS was not required to provide petitioner reasonable accommodations as he never requested them, and the statute did not require such accommodations in 1987 (*see* L 1997, ch 269, amending Executive Law § 292 [21]; *see also Martinez-Tolentino v Buffalo State Coll.*, 277 AD2d 899, 900 [2000]).

Petitioner's claims of due process violations are unavailing, as he failed to show actual, substantial prejudice in his ability to prepare for the hearings due to the delay (*see Matter of Diaz Chem. Corp. v New York State Div. of Human Rights*, 91 NY2d 932, 933 [1998]; *Corning Glass Works v Ovsanik*, 84 NY2d 619, 623-624 [1994]; *Matter of Goldsmith v DeBuono*, 245 AD2d 627, 630-631 [1997]). Nevertheless, we find the delay of almost 14 years between the filing of the complaint and the hearing to be deplorable. Respecting a seven-year delay, the Court of Appeals observed: "[w]hether caused by inadequate resources or otherwise, the lack of repose in human affairs and disputes affecting the public interest as in this case occasioned by such lengthy delays in the administrative process is disquieting, and should be a matter of grave concern to all branches of government as it may well have become a common phenomenon. Justice long delayed cannot only impair the actual fairness, but also the public perception of the evenhandedness of administrative adjudications" (*Matter of Harris & Assoc. v deLeon*, 84 NY2d 698, 705 [1994]). Petitioner also contends that the Commissioner denied him due process by rejecting the ALJ's proposed order. Regulations provide that the ALJ issue a proposed order and that the Division's adjudication counsel may submit an alternative proposed order (9 NYCRR 465.17 [c]), but these are only proposals. The Commissioner must issue the final order.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.