■ In the Matter of R & B AUTOBODY AND RADIATOR, INC., et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [819 NYS2d 599]—

Crew III, J.P. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Schenectady County) to review a determination of respondent State Division of Human Rights which found petitioners guilty of an unlawful discriminatory practice based on gender.

Respondent Suzanne Tearno worked as a subcontractor for petitioner R & B Autobody and Radiator, Inc. detailing and cleaning cars prior to becoming a full-time employee for R & B in 1991. In March 1992, Tearno ceased working for R & B, allegedly due to sexually explicit and offensive comments made to her by petitioner Richard Bowman, the owner of R & B, and thereafter filed a complaint against petitioners for sexual harassment with respondent State Division of Human Rights (hereinafter respondent). A fact-finding hearing ensued in 2003, at the conclusion of which an Administrative Law Judge (hereinafter ALJ) recommended a finding that Tearno had not presented a credible case of sexual harassment in the workplace. Respondent's adjudicative counsel thereafter submitted an alternative proposed order and, by order dated December 28, 2004, the Commissioner of Human Rights adopted the recommended findings set forth in the alternative proposed order, determined that petitioners' conduct violated the Human Rights

Law and awarded Tearno $15,000 in compensatory damages. Petitioners thereafter commenced this proceeding, subsequently transferred to this Court, seeking to annul the Commissioner's determination, and respondents cross-petitioned for enforcement of the Commissioner's order.

"In order to prevail on the charge of sexual discrimination by reason of sexual harassment creating a hostile work environment, . . . [the complainant] must establish that (1) she belongs to a protected group, (2) she was the subject of unwelcome sexual harassment, (3) the harassment was based on her gender, (4) the sexual harassment affected a term, condition or privilege of employment and, . . . (5) the employer knew or should have known of the harassment and failed to take remedial action" (*Pace v Ogden Servs. Corp.*, 257 AD2d 101, 103 [1999] [citations omitted]; *see Matter of Town of Lumberland v New York State Div. of Human Rights*, 229 AD2d 631, 636 [1996]). Our review of the Commissioner's findings in this regard is limited to whether the underlying determination is supported by substantial evidence in the record as a whole (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]).

The crux of petitioners' argument on review is that Tearno manufactured the allegations of sexual harassment as retaliation for petitioners issuing her a 1099 form, which purportedly affected certain benefits that she was receiving from the local department of social services, and that the Commissioner erred in failing to adopt the findings made by the ALJ, the latter of whom concluded that Tearno's testimony was not credible. As a starting point, the case law makes clear that, "inasmuch as it is [the] Commissioner, not the ALJ, who is responsible for making the ultimate factual determinations" (*Matter of Schweizer Aircraft Corp. v New York State Div. of Human Rights*, 220 AD2d 855, 856 [1995], *lv denied* 87 NY2d 805 [1996]), the former is not required to adhere to the ALJ's "findings of fact or credibility, and [is] free to reach her own determination, so long as it [is] supported by substantial evidence" in the record as a whole (*Matter of Jenkins v New York City Dept. of Transp.*, 26 AD3d 176, 176 [2006]).

Here, Tearno's testimony established that she is a member of a protected class and, during the approximately six months that she was a full-time employee at petitioners' business, was the target of numerous sexually offensive comments made by her employer. Specifically, Tearno documented nine instances wherein Bowman made sexually explicit comments, either directly to her or in her vicinity, concerning, among other things,

her clothing, her sex life, the size of his genitalia, the fact that she "turned him on" and the three things that constitute "women's work: cooking, cleaning and sex." Tearno brought these incidents to the attention of her immediate supervisor, who testified that while he did speak to Bowman about this, he essentially informed Tearno that "if there was an incident, unfortunately, it was between [her and Bowman]." One of Tearno's female coworkers also testified and attested to Bowman's proclivity for making sexual comments at the office. Tearno further testified that she felt demeaned by Bowman's comments and that eventually things progressed to the point where she just "couldn't take it anymore" and resigned. For his part, although Bowman insisted that he ran a "clean" shop, he also acknowledged that he may have made some of the remarks cited by Tearno—although perhaps not using the precise language she noted.

The foregoing testimony, if credited, is sufficient to sustain Tearno's claim and to support the Commissioner's findings and determination. To the extent that petitioners contended that Tearno fabricated the underlying allegations of sexual harassment, this presented a credibility issue for the Commissioner to resolve, and it is not the function of this Court to second-guess the credibility assessment made by the administrative factfinder (*see Matter of Stephen FF. v Johnson*, 23 AD3d 977, 978 [2005]).

Petitioners' remaining arguments do not warrant extended discussion. To the extent that petitioners take issue with the timeliness of the alternative proposed order, we need note only that "the time limits contained in Executive Law § 297 are directory only" (*Matter of Corning Glass Works v Ovsanik*, 84 NY2d 619, 623 [1994]) and, in the absence of prejudice, which petitioners have failed to demonstrate here, do not affect respondent's jurisdiction over the claim (*see Matter of Broome County Dept. of Pub. Transp. v New York State Div. of Human Rights*, 220 AD2d 861, 862 [1995]). As to the compensatory damages awarded to Tearno, we find the $15,000 awarded to be consistent with awards for comparable injuries (*see Matter of Town of Lumberland v New York State Div. of Human Rights*, 229 AD2d 631, 637 [1996], *supra*) and, as such, decline to disturb the Commissioner's determination in this regard. Finally, inasmuch as the Commissioner's order made no provision for an award of back pay, we need not address petitioners' argument on this point.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.