■ In the Matter of NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Complaint of EDWARD J. RICE, Respondent, et al., Respondent. [868 NYS2d 387]—

Malone Jr., J.

Edward J. Rice, who was employed by petitioner as a correction officer, suffered a heart attack in March 2004, which resulted in the implantation of stents and a defibrillator in his chest. Although Rice was cleared for duty without restriction by his cardiologist in May 2004, petitioner placed him on involuntary leave until November 2005, at which time it terminated Rice's employment on the basis that he "ha[d] been continuously absent" and "unable to perform the duties of his position for more than one year" as a result of a disability (Civil Service Law § 73). Rice then filed a complaint with respondent State Division of Human Rights (hereinafter SDHR), alleging that petitioner had engaged in an unlawful discriminatory practice by terminating his employment due to a disability. Following an investigation, SDHR determined that probable cause existed to sustain the complaint and a hearing was held before an Administrative Law Judge (hereinafter ALJ). In a statement of proposed findings of fact, the ALJ found that Rice had failed to establish that he was fit to perform the essential duties of a correction officer and, thus, petitioner had not improperly terminated his employment. Thereafter, SDHR issued an alternative proposed decision determining that petitioner had engaged in an unlawful discriminatory practice by terminating Rice's employment. After objections were filed, the Commissioner of Human Rights adopted the proposed order and awarded Rice back pay, as well as damages for emotional pain and suffering. Petitioner then commenced this proceeding pursuant to Executive Law § 298 seeking to annul that determination.

The Human Rights Law prohibits employers from discriminating against employees due to a disability (*see* Executive Law

§ 296) and, here, there is no dispute by the parties that Rice is disabled as a result of suffering a heart attack. As such, petitioner could not terminate his employment on the basis of his disability unless it proved that the disability prevented him from reasonably performing the functions and duties of a correction officer (*see City of New York v State Div. of Human Rights*, 70 NY2d 100, 106 [1987]). In reviewing the Commissioner's finding that petitioner engaged in an unlawful discriminatory practice by terminating Rice's employment on the basis of a disability, this Court is limited to determining whether the finding is supported by substantial evidence in the record and "may not weigh the evidence or reject [SDHR's] determination where the evidence is conflicting and room for choice exists" (*City of New York v State Div. of Human Rights*, 70 NY2d at 106; *see Matter of New Venture Gear Inc. v New York State Div. of Human Rights*, 41 AD3d 1265, 1266 [2007]).

In support of the determination that petitioner engaged in an unlawful discriminatory practice by terminating Rice's employment on the basis of his disability, SDHR relied upon, among other things, the reports of Rice's treating cardiologists, as well as the original report of the physician who performed an independent medical examination for petitioner, that Rice was capable of returning to work without any restriction. SDHR found that the reports of petitioner's medical examiner that Rice was unable to function as a correction officer due to the possibility of a physical confrontation with an inmate damaging his defibrillator were insufficient to support the termination of his employment inasmuch as the identified risk was speculative and hypothetical in nature (*see Matter of Antonsen v Ward*, 77 NY2d 506, 515 [1991]; *City of New York v State Div. of Human Rights*, 70 NY2d at 107). Thus, considering that "[i]t is peculiarly within the domain of [SDHR, which] is presumed to have special expertise in the matter, to assess whether the facts and the law support a finding of unlawful discrimination" (*Matter of Club Swamp Annex v White*, 167 AD2d 400, 401 [1990], *lv denied* 77 NY2d 809 [1991]), it cannot be said that the determination at issue here is unsupported by the evidence. This is so despite the existence of evidence that would reasonably support a contrary determination (*see Matter of New York State Off. of Mental Health v New York State Div. of Human Rights*, 53 AD3d 887, 889 [2008]; *Matter of Pageau v Tolbert*, 304 AD2d 1067, 1068 [2003]). Moreover, although petitioner contends that SDHR impermissibly rejected the proposed order of the ALJ, which found that petitioner had not acted improperly in terminating Rice's employment, we note that SDHR is not bound by the ALJ's findings of fact or credibility determina-

tions (*see Matter of R & B Autobody & Radiator, Inc. v New York State Div. of Human Rights*, 31 AD3d 989, 990 [2006]).

Finally, contrary to petitioner's contention, Rice's application for, and receipt of, Social Security disability insurance benefits subsequent to the termination of his employment does not, as a matter of law, preclude a finding that petitioner unlawfully discriminated against Rice (*see Cleveland v Policy Management Systems Corp.*, 526 US 795, 797 [1999]; *see also Engelman v Girl Scouts-Indian Hills Council, Inc.*, 16 AD3d 961, 963 [2005]).

Cardona, P.J., Spain, Rose and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.