■ In the Matter of BARBARA J. BRACCI, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. [878 NYS2d 830]—

Garry, J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which dismissed petitioner's discrimination complaint.

Petitioner, a correction officer formerly employed by the Department of Correctional Services (hereinafter DOCS), filed a complaint with respondent on November 4, 1996 charging DOCS and her former captain with unlawful discriminatory practices relating to employment in violation of the Human Rights Law (*see* Executive Law art 15). Respondent referred the matter for a public hearing, but the proceedings were effectively stayed thereafter in 2001, when petitioner filed a complaint in federal court based on the same facts. In 2005, the federal court dismissed the federal complaint on statute of limitations grounds, without prejudice to petitioner's claims based on state law (*see Bracci v New York State Dept. of Correctional Servs.*, 2005 WL 2437029, 2005 US Dist LEXIS 40893 [ND NY 2005]). Petitioner resumed prosecution of the complaint previously filed with respondent. A public fact-finding hearing was held in 2007, after which the Administrative Law Judge (hereinafter ALJ) recommended a finding that petitioner had failed to meet her burden of proof and that her complaint should be dismissed. The Commissioner of Human Rights thereafter issued a notice and final order adopting the ALJ's recommended findings and dismissing the complaint. Petitioner initiated this Executive Law § 298 proceeding seeking the nullification of respondent's determination as well as other relief, and the matter was transferred to this Court (*see* Executive Law § 298).

Petitioner asserts that respondent erred in dismissing her complaint. Petitioner was required to show that she was subjected either to quid pro quo or hostile work environment sexual harassment (*see Mauro v Orville*, 259 AD2d 89, 91 [1999], *lv denied* 94 NY2d 759 [2000]). To establish quid pro quo sexual harassment, petitioner must show that she was "subjected to unwelcome sexual conduct and that the reaction to that conduct was then used as a basis for decisions, either actual or threatened, affecting compensation, terms, conditions or privileges of employment" (*id.* at 91-92). Petitioner alleges that the captain, who was her supervisor, agreed to hold in abeyance a notice of discipline that was pending against her in exchange for sexual relations. However, the record includes evidence that the notice of discipline had already been filed against petitioner before the captain was transferred to her facility, that no specific discussion of the notice of discipline took place between

petitioner and the captain until after they began their relationship, and that notices of discipline are handled in DOCS's Labor Relations Office rather than at individual DOCS facilities. The evidence also established that the captain's ability to control the processing of a notice of discipline, if any, was limited and that the timing of the processing of petitioner's notice of discipline was controlled by the Labor Relations Office and by the actions of petitioner and her union. There was substantial evidence, therefore, from which respondent could have found that petitioner did not establish that " 'tangible job benefits' " were linked to her acceptance or rejection of the captain's sexual advances (*id.* at 92, quoting *Karibian v Columbia Univ.*, 14 F3d 773, 777 [1994], *cert denied* 512 US 1213 [1994]).

Further, while the captain conceded that he had a sexual relationship with petitioner, he testified that petitioner initiated the relationship and that it was consensual. Petitioner's own testimony as to whether she consented to the relationship was inconsistent. Contradictions in the testimony present assessments of credibility to be resolved by respondent (*see Matter of R & B Autobody & Radiator, Inc. v New York State Div. of Human Rights*, 31 AD3d 989, 991 [2006]). The ALJ's factual conclusion that petitioner's relationship with the captain was consensual is fatal to her claim of quid pro quo sexual harassment (*see Mauro v Orville*, 259 AD2d at 93).

To establish a prima facie case of hostile work environment sexual harassment, petitioner was required to show that her employer knew or should have known that she was subjected to unwelcome sexual harassment and that the employer failed to take remedial action (*see Pace v Ogden Servs. Corp.*, 257 AD2d 101, 103 [1999]). The record reveals that DOCS investigated petitioner's claims against the captain immediately after learning about them in January 1996 and, although it determined that the relationship was consensual, promptly transferred the captain to another facility based on a determination that his ability to command had been compromised. Evidence in the record supported respondent's determination that, during the pertinent time period, petitioner was not subjected to comments or innuendo regarding sexually explicit videotapes in which she allegedly appeared. Substantial evidence supported respondent's conclusion that petitioner's workplace was not "permeated with discriminatory intimidation, ridicule, and insult" (*Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights*, 53 AD3d 823, 824 [2008] [internal quotation marks and citations omitted]).

"It is peculiarly within the domain of [respondent, which] is

presumed to have special expertise in the matter, to assess whether the facts and the law support a finding of unlawful discrimination" (*Matter of Club Swamp Annex v White*, 167 AD2d 400, 401 [1990], *lv denied* 77 NY2d 809 [1991] [citations omitted]; *accord Matter of New York State Dept. of Correctional Servs. v New York ʼState Div. of Human Rights*, 57 AD3d 1057, 1059 [2008]). The "extremely narrow" scope of this Court's review of respondent's determination is limited to whether substantial evidence in the record supports the determination (*City of New York v State Div. of Human Rights*, 70 NY2d 100, 106 [1987]). This Court " 'may not weigh the evidence or reject [respondent's] determination where the evidence is conflicting and room for choice exists' " (*Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights*, 57 AD3d at 1059, quoting *City of New York v State Div. of Human Rights*, 70 NY2d at 106). As respondent's determination that petitioner did not establish that she was subjected to sexual harassment has a rational basis and is supported by substantial evidence, "the judicial function is exhausted" (*City of New York v State Div. of Human Rights*, 70 NY2d at 106).

Petitioner's remaining claims may be briefly addressed. Although petitioner asserts that she should have been granted a negative inference with regard to certain missing audio cassette tape recordings, petitioner herself testified that the tapes had been sealed pursuant to a federal court order and strongly opposed introduction of copies into evidence. Respondent's determination that the tapes were unreliable was well within its discretion as the factfinder and this determination will not be disturbed on appeal (*see* CPLR 3126; *Marotta v Hoy*, 55 AD3d 1194, 1198 [2008]). There is no evidence whatsoever supporting petitioner's claim that respondent conducted an improper in camera review of the tapes.

Finally, petitioner claims that she is entitled to compensatory damages for such torts as intentional infliction of emotional distress and invasion of privacy. These claims lack merit based upon the determination that petitioner was not subjected to unlawful discrimination.

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.