■ In the Matter of GAIL PRICE, Petitioner, v SOUTHWEST AIRLINES, INC., Respondent. [888 NYS2d 255]—

Lahtinen, J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the State Division of Human Rights which dismissed petitioner's claim that respondent was guilty of unlawful discriminatory practices based on race.

Petitioner, an African American employed as a customer service agent by respondent since 2000, filed a complaint with the State Division of Human Rights (hereinafter SDHR) in June 2006 alleging race-based discrimination (*see* Executive Law art 15). Thereafter, she took family and medical leave until resigning in January 2007. After an investigation, SDHR determined that it had jurisdiction and that there was probable cause of unlawful discriminatory practice. Public hearings ensued before an Administrative Law Judge (hereinafter ALJ) and, when that ALJ left his position before the hearings were completed, the hearings continued before another ALJ. The ALJ recommended dismissal, finding that petitioner had failed to prove her claims of disparate treatment, a hostile work environment, and constructive discharge. The Commissioner of Human Rights adopted the ALJ's recommendation. Petitioner then commenced the current proceeding, which was transferred to this Court.

"SDHR's determinations are 'entitled to considerable deference due to its expertise in evaluating discrimination claims' " (*Matter of Harrison v Chestnut Donuts, Inc.*, 60 AD3d 1130, 1131 [2009], quoting *Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484, 485 [2003]). Our review is limited to whether SDHR's findings are supported by substantial evidence and, where the record contains conflicting evidence, we cannot substitute our evaluation of the evidence for SDHR's findings (*see City of New York v State Div. of Human Rights*, 70 NY2d 100, 106 [1987]; *Matter of Bracci v New York State Div. of Human Rights*, 62 AD3d 1146, 1149 [2009]). "A determination may not be set aside 'merely because the opposite decision would

have been reasonable and also sustainable' " (*Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d at 485, quoting *Matter of Mize v State Div. of Human Rights*, 33 NY2d 53, 56 [1973]).

During the course of the proceeding, petitioner asserted several incidents in support of her disparate treatment claim, including that the station manager refused to post on the employee bulletin board a commendation letter written on petitioner's behalf, her supervisor reported her to airline operations when she parked in a handicapped parking spot, and her May 2006 performance review listed several areas in need of improvement and stated that her absences were unacceptable. With respect to the posting of the commendation, the testimony of respondent's station manager established that such letters were posted sporadically, there was no policy to post all letters, some letters regarding customer service agents who were not African-American also were not posted, and he told petitioner that she was free to post it herself. The supervisor who reported petitioner parking in a handicapped spot testified that she is particularly sensitive to this issue because her spouse requires a wheelchair, she often reported such conduct when she observed it, and she did so without regard to race of the offender. There was also proof that petitioner's evaluation was similar to other employees of various races. The record contains substantial evidence to support the ALJ's determination that petitioner was not treated differently for reasons related to her race (*cf. Matter of North Shore Univ. Hosp. v Rosa*, 86 NY2d 413, 419 [1995]; *Matter of New York State Off. of Mental Health, Manhattan Psychiatric Ctr. v New York State Div. of Human Rights*, 223 AD2d 88, 90 [1996], *lv denied* 89 NY2d 806 [1997]).

The record similarly supports the decision to dismiss the charge of a racial hostile work environment, which "exists '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment' " (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 310 [2004], quoting *Harris v Forklift Sys., Inc.*, 510 US 17, 21 [1993]). The ALJ initially noted that all the incidents cited by petitioner occurred well over a year before she filed her complaint and were thus time-barred (*see* Executive Law § 297 [5]). The ALJ nevertheless went on to fully address the incidents and found that they failed to establish that respondent permitted a racially hostile environment. In fact, in response to the incident from 2003, where a nonmanagerial employee posted a photograph in the employee locker room that one individual found racially offensive, respon-

dent took immediate action, including terminating the employee who posted the photograph and requiring others to attend sensitivity training.

Petitioner further claimed constructive discharge, which requires a showing that the "resignation was prompted by such difficult or unpleasant working conditions that a reasonable person would have concluded that he or she had no choice but to resign" (*Matter of Martinez v State Univ. of N.Y.*, 294 AD2d 650, 651 [2002]; *see Whidbee v Garzarelli Food Specialties, Inc.*, 223 F3d 62, 73 [2d Cir 2000]). Her proof in such regard lacked consistency, undermining her credibility, and the ALJ's rejection of this claim finds adequate support in the record.

The remaining arguments have been considered and found unavailing.

Spain, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.