Matter of JPK Imports/Oneonta, Inc. v New York State Div. of Human Rights (2021 NY Slip Op 02336)





Matter of JPK Imports/Oneonta, Inc. v New York State Div. of Human Rights


2021 NY Slip Op 02336


Decided on April 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 15, 2021

530309
[*1]In the Matter of JPK Imports/Oneonta, Inc., Doing Business as Empire Toyota Scion, Petitioner,
v
New York State Division of Human Rights et al., Respondents. (Proceeding No. 1.)
In the Matter of New York State Division of Human Rights, Appellant,
v
JPK Imports/Oneonta, Inc., Doing Business as Empire Toyota Scion, Respondent, and David A. Fink, Respondent. (Proceeding No. 2.)

Calendar Date:February 10, 2021

Before:Lynch, J.P., Clark, Aarons and Colangelo, JJ.; Pritzker, J., vouched in.

Caroline J. Downey, State Division of Human Rights, New York City (Toni Ann Hollifield of counsel), for appellant.
Hinman, Howard & Kattell, LLP, Binghamton (Albert J. Millus Jr. of counsel), for David A. Fink, respondent.



Lynch, J.P.
Appeal from that part of a judgment of the Supreme Court (Northrup Jr., J.), entered October 8, 2019 in Delaware County, which partially dismissed petitioner's application, in proceeding No. 2 pursuant to Executive Law § 298, to enforce a penalty and fine.
In May 2015, respondent David A. Fink filed a complaint with the State Division of Human Rights (hereinafter SDHR) alleging that his former employer, JPK Imports/Oneonta, Inc. (hereinafter JPK), had terminated his employment due to his disability. Following a hearing before an Administrative Law Judge (hereinafter ALJ) — at which JPK failed to appear — the ALJ found that JPK engaged in unlawful discriminatory conduct and recommended back pay, compensatory damages and a civil fine of $1,000. Upon JPK's objections, the Commissioner of SDHR issued a final determination adopting the ALJ's recommendation but increasing the civil fine to $60,000.
JPK paid the awards of back pay and compensatory damages, but commenced a proceeding pursuant to Executive Law § 298 challenging the $60,000 civil fine. SDHR cross-petitioned to confirm the Commissioner's final determination. Supreme Court (Coccoma, J.), dismissed JPK's petition and granted SDHR's cross petition. Upon JPK's appeal, this Court reversed the imposition of the civil fine and remitted the matter to the Commissioner for a redetermination of the amount (see Matter of JPK Imports/Oneonta, Inc. v New York State Div. of Human Rights, 165 AD3d 1410, 1412 [2018], lv denied 32 NY3d 918 [2019]).
After reviewing the administrative record on remittal, the Commissioner decreased the amount of the civil fine to $20,000. In response, JPK filed a petition pursuant to Executive Law § 298 seeking to annul and vacate the $20,000 fine (proceeding No. 1), and SDHR cross-petitioned for its enforcement (proceeding No. 2). Supreme Court (Northrup Jr., J.) dismissed JPK's petition and partially granted SDHR's cross petition, but reduced the civil fine to $5,000. SDHR appeals, challenging the reduction of the civil fine.
"Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001] [citations omitted]; accord Matter of Rochester Inst. of Tech. v New York State Div. of Human Rights, 169 AD3d 1421, 1422 [2019]). On this record, we conclude that Supreme Court erred in reducing the fine. Notably, JPK has not challenged the finding of discrimination made by SDHR, but only the amount of the fine imposed. SDHR has a statutory role "to take appropriate action to fulfill the extremely strong statutory policy eliminating discrimination" (Matter of Gifford v McCarthy, 137 AD3d 30, 43 [2016] [internal quotation marks and citation omitted]), and may impose a civil fine of up to $50,000 against a party who has engaged in unlawful discriminatory conduct (see Executive Law § 297 [4] [c] [vi]). The record shows [*2]that the day that Fink informed JPK that he might need surgery, he was terminated ostensibly for "lack of work." Within a week, JPK advertised to fill the same position. In objecting to Fink's complaint, JPK asserted that Fink was terminated for poor performance and yet he had never been disciplined for such. At the same time, JPK represented that it was "willing to discuss" rehiring Fink, but the record does not indicate that such discussions were ever pursued. In short, SDHR determined that JPK's discriminatory conduct was serious and deliberate. In our view, the penalty was not "so disproportionate to the offense as to be shocking to one's sense of fairness," and, therefore, it did not "constitut[e] an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d at 38 [internal quotation marks and citation omitted]). Since SDHR acted within its broad discretionary authority by imposing the $20,000 fine, Supreme Court erred in reducing the amount.
Clark, Aarons and Pritzker, JJ., concur.
Colangelo, J. (dissenting).
I respectfully dissent. In my view, Supreme Court properly found that the imposition of a $20,000 civil penalty and fine under the circumstances that obtain herein is disproportionate to the misconduct of JPK Imports/Oneonta, Inc. (hereinafter JPK) and constitutes an abuse of discretion. Respondent David A. Fink was employed with JPK for a mere seven weeks at the time of his termination. JPK has no prior history of engaging in discriminatory conduct. In addition, Fink has been fully compensated for any injury he sustained; as the majority appears to acknowledge, Fink has received back pay and compensatory damages as ordered by the Commissioner of the State Division of Human Rights (see Matter of JPK Imports/Oneonta, Inc. v New York State Div. of Human Rights, 165 AD3d 1410, 1411 n [2018], lv denied 32 NY3d 918 [2019]); see generally Matter of Imperial Diner v State Human Rights Appeal Bd., 52 NY2d 72, 79 [1980]). In light of these facts, it is my opinion that Supreme Court properly reduced the civil penalty and fine from $20,000 to $5,000 (see generally Matter of Rochester Inst. of Tech. v New York State Div. of Human Rights, 169 AD3d 1421, 1422 [2019]; Matter of County of Erie v New York State Div. of Human Rights, 121 AD3d 1564, 1566 [2014]). Accordingly, I would affirm.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as reduced the civil fine; the $20,000 civil fine is reinstated; and, as so modified, affirmed.