Matter of Janitronics, Inc. v New York State Div. of Human Rights (2025 NY Slip Op 03682)

Matter of Janitronics, Inc. v New York State Div. of Human Rights

2025 NY Slip Op 03682

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CV-24-1547
[*1]In the Matter of Janitronics, Inc., et al., Petitioners,
v
New York State Division of Human Rights et al., Respondents. (And Another Related Proceeding.)

Calendar Date:April 28, 2025

Before:Garry, P.J., Egan Jr., Clark, Lynch and Mackey, JJ.

Bond, Schoeneck & King PLLC, Saratoga Springs (Michael D. Billok of counsel), for petitioners.
Melissa Franco, New York State Division of Human Rights, Bronx (Toni Ann Hollifield of counsel), for New York State Division of Human Rights, respondent.

Lynch, J.
Proceedings pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Albany County) to, among other things, review a determination of the Commissioner of Human Rights finding petitioners guilty of an unlawful discriminatory practice based on conviction record.
In October 2018, respondent Theresa Donohue applied for the position of pharmaceutical biotech support technician at Regeneron Pharmaceuticals through petitioner Janitronics, Inc. — a company that hires individuals and staffs them at other facilities. One of the application documents included a question about whether the applicant had "any criminal history," to which Donohue answered "Yes — 10 years ago. Plead out to Burglary — 2008." On a Tax Credit Questionnaire submitted with the application, Donohue answered in the affirmative when asked whether she had "ever been convicted of a felony," listing her 2008 burglary convictions. During several rounds of interviews, Donohue discussed the two felony convictions from 2008. Donohue was offered and accepted the position. In the meantime, petitioner Stephanie Winter, Janitronics' corporate recruiting manager, obtained information in a background check that Donohue had been reincarcerated in November 2015 and released in March 2016 — a situation that Donohue had not disclosed. In response, Winter telephoned Donohue to inquire whether there was any other information she wished to disclose. In doing so, Winter did not reveal the new background information and Donohue did not disclose her reincarceration. As a result, Winter revoked the employment offer.
Donohue filed a complaint with respondent State Division of Human Rights (hereinafter SDHR) alleging that Janitronics and Winter unlawfully refused to hire her due to her conviction record. Following a public hearing (see Executive Law § 297 [4]), an Administrative Law Judge (hereinafter ALJ) issued an order recommending the dismissal of Donohue's complaint. In August 2023, the adjudication counsel for SDHR issued an alternative proposed order (see 9 NYCRR 465.17 [c] [2]) recommending that the complaint be sustained and that petitioners be ordered to pay Donohue $20,000 in compensatory damages for mental anguish and humiliation, together with $133,860 in lost wages, and also assessed a $10,000 civil fine payable to the State. The Commissioner of Human Rights sustained the complaint, adopting the alternative order's recommendations.
Petitioners commenced this proceeding in Supreme Court pursuant to Executive Law § 298 seeking to annul the Commissioner's determination on the basis that SDHR exceeded its authority in issuing the August 2023 alternative proposed order and that the Commissioner's determination adopting that order was not supported by substantial evidence. SDHR and Donohue cross-petitioned for enforcement of the Commissioner's determination, and Supreme Court transferred the proceedings to this Court (see Executive Law § 298).
Petitioners argue [*2]that SDHR exceeded its authority in issuing the August 2023 alternative proposed order, emphasizing that 9 NYCRR 465.17 (c) (2) permits adjudication counsel to do so only "when the interests of justice so require" and that no circumstances warranted invocation of that authority. Although petitioners' letter objections to the alternative proposed order were expressly made "[p]ursuant to [9 NYCRR] 465.17 (c)," they did not challenge adjudication counsel's threshold "interests of justice" authority, instead attacking the merits of the findings. Pertinent here, Executive Law § 298 provides that "[n]o objection that has not been urged in prior proceedings shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." Having failed to raise this threshold issue at the administrative level or to establish extraordinary circumstances that would justify excusing the omission, the argument is unpreserved (see Executive Law § 298; Matter of Wegman v New York State Dept. of Health, 229 AD3d 862, 865 [3d Dept 2024]). Even were we to find extraordinary circumstances warranting review, we would find that petitioners' argument is unavailing.
Executive Law § 297 enumerates a procedure for adjudicating discrimination complaints. Pertinent here, upon receiving a complaint, SDHR investigates whether probable cause exists to sustain the allegations. If a probable cause finding is made, SDHR may attempt to resolve the dispute through a conciliation agreement or, alternatively, allow the complaint to proceed to an administrative hearing (see Executive Law § 297 [3] [a]; [4] [a]). Although a hearing officer presides over the administrative hearing, the Commissioner makes the final determination regarding whether the named respondent engaged in unlawful discrimination (see Executive Law § 297 [4] [c]). Pursuant to Executive Law § 297 (4) (d), the Legislature has granted SDHR the authority to "establish rules of practice to govern, expedite and effectuate the foregoing procedure and its own actions thereunder."
Under that authority, SDHR has promulgated regulations providing that, after an administrative hearing is held on a discrimination complaint, "the [ALJ] shall prepare a proposed order for the [C]ommissioner containing findings of fact and a decision, and a copy of said proposed order shall be served on all parties" (9 NYCRR 465.17 [c] [1] [emphasis added]). The regulations further identify "adjudication counsel . . . [as] the attorney who reviews the recommended orders of the administrative law judges for ultimate determination by the" Commissioner (9 NYCRR 465.1 [f]). "When the interests of justice so require, the adjudication counsel may issue an order based on the record," which "alternative proposed order" is also sent to the Commissioner for consideration and must "be served on all the parties," who are provided an opportunity to file written objections (9 NYCRR 465.17 [c] [2]). [*3]That alternative procedure was followed here.
In May 2023, the parties received a letter enclosing the ALJ's "proposed Recommended Findings of Fact, Opinion and Decision, and Order," which recommended dismissing Donohue's complaint. No objections were filed thereto. By letter dated August 17, 2023, adjudication counsel sent an alternative proposed order to the parties in Donohue's favor. The transmittal letter from adjudication counsel explained that the alternative proposed order was being provided pursuant to 9 NYCRR 465.17 (c) (2), but did not elaborate on why the "interests of justice" warranted issuing an alternative proposed order. Petitioners filed objections thereto and both the objections and the alternative proposed order were provided to the Commissioner, who referenced them in her final decision sustaining the discrimination complaint. It is the Commissioner who makes the final factual determination after considering the evidence in the administrative record (see Matter of Pageau v Tolbert, 304 AD2d 1067, 1069 [3d Dept 2003]; see also Executive Law § 297 [4] [c]; Matter of R & B Autobody & Radiator, Inc. v New York State Div. of Human Rights, 31 AD3d 989, 990 [3d Dept 2006]; Matter of Schweizer Aircraft Corp. v New York State Div. of Human Rights, 220 AD2d 855, 856 [3d Dept 1995], lv denied 87 NY2d 805 [1996]). While the better practice would have been to explain the "interests of justice" basis for submitting the alternative proposed order, adjudication counsel's failure to do so does not require reversal. As previously noted by this Court, the interim orders issued by the ALJ and adjudication counsel are "only proposals" (Matter of Pageau v Tolbert, 304 AD2d at 1069; see Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights, 57 AD3d 1057, 1059-1060 [3d Dept 2008]).
Turning to the merits of the Commissioner's determination, Executive Law § 296 (15) declares it "an unlawful discriminatory practice for any person, agency, bureau, corporation or association . . . to deny . . . employment to any individual by reason of his or her having been convicted of one or more criminal offenses, or by reason of a finding of a lack of 'good moral character' which is based upon his or her having been convicted of one or more criminal offenses, when such denial is in violation of the provisions of [Correction Law] article [23-A]." Under Correction Law article 23-A, the discrimination proscriptions of Executive Law § 296 (15) apply to private employers with at least 10 employees — among others — and extend to individuals with "criminal offenses in this state or in any other jurisdiction" (Correction Law § 751), subject to certain exceptions not relevant here (see Correction Law § 752). Executive Law § 296 (15) does not "affect any right an employer may have with respect to an intentional misrepresentation in connection with an application for employment" (Correction Law § 751).
When reviewing SDHR's finding that [*4]a party engaged in unlawful discrimination, this Court's review is limited to determining whether substantial evidence supports the determination (see Matter of State Div. of Human Rights [Granelle], 70 NY2d 100, 106 [1987]; Matter of Gifford v McCarthy, 137 AD3d 30, 36 [3d Dept 2016]). Substantial evidence "is a minimal standard" satisfied by "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045, 1046 [2018] [internal quotation marks and citations omitted]). The standard is "less than a preponderance of the evidence, and demands only that a given inference is reasonable and plausible, not necessarily the most probable" (id. at 1045-1046 [internal quotation marks and citations omitted]). "Put a bit differently, the reviewing court should review the whole record to determine whether there is a rational basis in it for the findings of fact supporting the agency's decision" (Matter of Clifton Park Apts., LLC v New York State Div. of Human Rights, 41 NY3d 326, 333 [2024] [internal quotation marks and citation omitted])."Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046 [citations omitted]). Indeed, in light of SDHR's "expertise in assessing discrimination claims," its determinations are "entitled to deference" by this Court (Matter of ABD Engrs. LLP v New York State Div. of Human Rights, 225 AD3d 982, 983 [3d Dept 2024]), which "may not weigh the evidence or reject [SDHR]'s choice where the evidence is conflicting and room for a choice exists" (Matter of Clifton Park Apts., LLC v New York State Div. of Human Rights, 41 NY3d at 333 [internal quotation marks and citation omitted]).
We conclude that there is substantial evidence to sustain the Commissioner's finding of unlawful employment discrimination under Executive Law § 296 (15). This record confirms that Donohue was reincarcerated in 2015 due to a parole violation. During the hearing, Donohue explained that it was her understanding the 2015 parole violation was not a criminal conviction that needed to be disclosed.[FN1] For her part, Winter acknowledged that she did not know the basis for Donohue's reincarceration in 2015, but emphasized that the situation was "pretty black and white, that the day [Donohue] said she had a conviction . . . didn't match the date" listed in the background check. The ALJ emphasized that a parole violation is not a criminal conviction implicating Executive Law § 296 (15), and accepted Winter's explanation that she revoked Donohue's employment offer for being untruthful. The Commissioner, however, adopted SDHR's alternative conclusion that the employment offer was revoked due to Winter's misperception that Donohue had an undisclosed criminal conviction in 2015.
"It is [*5]as much a violation of the Human Rights Law to discriminate against a person because of an arrest or a conviction for a criminal offense as it is to discriminate against that person because of an erroneously perceived conviction for a crime" (State Div. of Human Rights v Sorrento Cheese Co., 115 AD2d 323, 324 [4th Dept 1985] [internal citations omitted]; see Matter of New York City Dept. of Correction v White, 163 AD2d 250, 251 [1st Dept 1990]). On this record, SDHR could reasonably find that such misperception was the case here, even if that is "not necessarily the most probable" inference to be drawn from the testimony (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046 [internal quotation marks and citations omitted]; see Matter of Vega [Postmates Inc.-Commissioner of Labor], 35 NY3d 131, 136 [2020]).
As for the ensuing penalty, petitioners raise a facial constitutional challenge to Executive Law § 297 (4) (c) (vi), authorizing SDHR to impose civil fines and penalties against a party who has engaged in unlawful discrimination, relying on Securities & Exchange Commission v Jarkesy (603 US 109 [2024]) for the proposition that an agency's imposition of punitive sanctions, without a jury trial, violates NY Constitution, article I, § 2. Although we are mindful that Jarkesy was decided after the final agency determination on review was issued, that decision dealt with federal statutory and constitutional law and did not relieve petitioners of the obligation to raise this objection during the administrative proceedings (see Executive Law § 298; People v Cabrera, 41 NY3d 35, 42-51 [2023]). Since petitioners have not otherwise demonstrated "extraordinary circumstances" for having failed to preserve the issue, it is not properly before us (Executive Law § 298; see People v Cabrera, 41 NY3d at 42-51; Matter of Schweizer Aircraft Corp. v New York State Div. of Human Rights, 220 AD2d at 857; compare New York Inst. of Tech. v State Div. of Human Rights, 40 NY2d 316, 321-322 [1976]).
Petitioners' substantive challenge to the penalty imposed is also unavailing. After finding that a party has engaged in unlawful discriminatory conduct, SDHR may "award[ ] . . . compensatory damages to the person aggrieved by such practice," along with punitive damages (in the case of a private employer), and "civil fines and penalties . . . in an amount not to exceed [$50,000]" (Executive Law § 297 [4] [c] [iii], [iv], [vi]). Judicial review of an administrative penalty is limited to assessing whether it is "so disproportionate to the offense as to be shocking to one's sense of fairness," thereby "constitut[ing] an abuse of discretion as a matter of law" (Matter of JPK Imports/Oneonta, Inc. v New York State Div. of Human Rights, 193 AD3d 1230, 1231 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 908 [2021]). Upon reviewing the record, we cannot conclude that the penalty imposed was an abuse of discretion as a matter of law (see [*6]Matter of ABD Engrs. LLP v New York State Div. of Human Rights, 225 AD3d at 984; Matter of Sortie Marble & Granite, Inc. v Imperial, 222 AD3d 1407, 1408 [4th Dept 2023]).
Garry, P.J., Egan Jr., Clark and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, petition dismissed and cross-petition granted.

Footnotes

Footnote 1: A "parole violation" (Executive Law § 259-i [3]) does not constitute a criminal conviction (see CPL 1.20 [1], [13]; Penal Law § 10.00 [6]).